## J. G. TICHENOR *v.* WOODBURN SARVEN WHEEL COMPANY.

ACTION ON OPEN ACCOUNT. *Sworn to as provided in* § 782 *Code* 1871. *Counter affidavit of the defendant.*

An affidavit "that the account filed with the plaintiff's declaration is not correct," under Code 1871, § 782, as amended by act of March 6, 1875 (Acts 1875, p. 161), puts in issue the liability of the defendant on the account, but not the validity of the particular items.

ERROR to the Circuit Court of Warren County.

Hon. UPTON M. YOUNG, Judge.

To assumpsit by the Woodburn Sarven Wheel Company, on an account which its secretary, in an affidavit thereto, swore was correct and due from Tichenor, he pleaded the general issue, with an affidavit "that the account filed with the plaintiff's declaration is not correct." On the trial the defendant was not allowed to introduce any evidence under the plead-

ings; he excepted, and from a judgment for the plaintiff brings up the case.

*Magruder & Simrall*, for the plaintiff in error.

The act of 1875, p. 161, provides " that, in actions upon open accounts, sworn to as provided for in § 782 of the Revised Code of 1871, a general denial in the counter affidavit of the defendant to the correctness of the account sued on shall be insufficient to put the plaintiff to the proof of the same, but said account shall be treated as proved on the trial, except as to the particular items of indebtedness, the correctness and validity of which are specified and described in the counter affidavit of the defendant, to be filed with his plea."

This statute can apply only where a part of the account is incorrect. Such is the phraseology of the act, that to construe it as applicable where the defence is in bar of the whole debt would be for the court to legislate. The correctness of the specific items are admitted, if not denied under oath; but the liability of the defendant on the account can be put in issue without specifying the items.

*Alfred B. Pittman*, on the same side.

The Code 1871, § 782, provides that the affidavit of the plaintiff to the account sued on " shall be *prima facie* evidence of the correctness of the account and indebtedness of the defendant against whom the sum is charged, and shall entitle the plaintiff to judgment at the trial term of the suit, unless the defendant shall make affidavit, and file with his plea, that the account is not correct; in which event the affidavit to the account shall not be evidence, except to entitle the plaintiff to judgment for such part of said account as the defendant by his affidavit may admit to be due." Under this statute a general denial is clearly sufficient. By the amendment of 1875 (Acts 1875, p. 161), the rule is changed only so far as to make essential a specific denial of such items as are disputed. A general denial is sufficient where the defence, from its nature, goes to the whole account. To compel the defendant to deny specifically a hundred different items, where his defence applies to the whole account as one cause of action, would be to so construe a statute which is in derogation of a common-law right, as to give it an effect far beyond the reason and intent of the

law, not warranted by any advantage to the plaintiff nor supported by any rule of convenience. Certainly such pleas as payment, incapacity to contract, the Statute of Frauds and release from the liability, need not be accompanied by an affidavit denying each item of the account.

*L. W. Magruder* and *Alfred B. Pittman*, on the same side, each argued the case orally.

*F. B. Pratt*, for the defendant in error.

Relying on Code 1871, § 782, and Acts 1875, p., 161, the plaintiff, a corporation of a distant State, went to trial without proof of the account, and, after its case was closed, the defendant proposed, in violation of the statute, to introduce evidence to disprove his liability. The statute provides that the account shall be treated as proved on the trial, except as to such items as are specifically denied. The counter affidavit must deny the items disputed. A general denial, like the one in the case at bar, the statute provides, "shall be insufficient to put the plaintiff to the proof" of the account sued on. The exclusion of the defendant's evidence was manifestly proper.

*Adam & Speed*, on the same side.

CAMPBELL, J., delivered the opinion of the court.

The act of March 6, 1875, amending § 782 of the Code, relates alone to a specification of the items of an account where the defendant desires to controvert its correctness *in some particular items*. In such case a wholesale denial is not sufficient. The affidavit must specify wherein the account is not correct. But, by virtue of § 782 of the Code, an affidavit by the defendant, " that the account is not correct," puts the plaintiff to the proof of its correctness, and the " indebtedness of the defendant against whom the sum is charged." If there is no specification of particular items of the account as incorrect, the defendant will not be permitted to controvert the particular items of the account, but only the fact that he is properly chargeable as a debtor on the account. The Code makes an account sworn to *prima facie* evidence of the correctness of the account and " indebtedness of the defendant against whom the sum is charged." An affidavit by the defendant, filed with his

plea, " that the account is not correct," because of the amendment of 1875, does not put the plaintiff to the proof of the items of the account (the defendant must specify what items are not correct); but as that amendment does not relate to the other proposition of which the affidavit to the account is made *prima facie* evidence by § 782 of the Code, it remains true that such affidavit by the defendant renders it necessary for the plaintiff to prove the " indebtedness of the defendant against whom the sum is charged." In other words, the relation of the defendant as debtor on the account must be proved in such case ; but if he is shown to be debtor for any part of said account, he shall not be permitted under his general affidavit to question any of the items of the account.

*Judgment reversed.*