## S. F. HARTSELL v. JOHN M. MYERS.

1. AGRICULTURAL LIEN LAW. *Affidavit for writ of seizure. Amendment.*
   A justice of the peace, before whom affidavit for a writ of seizure has been made, and who has failed to sign it, may affix his name in open court after motion to dismiss.

2. SAME. *Proceeding in rem. No judgment in personam.*
   Under the act of 1876 (Acts 1876, p. 109), regulating liens on crops, no personal judgment for the debt can be rendered in excess of the property seized.

3. WRITTEN INSTRUMENT. *Parol evidence to explain.*
   When the date of payment is not expressed in a written lease, it may be fixed by parol evidence, showing the situation and surroundings of the parties.

ERROR to the Circuit Court of Rankin County.

Hon. A. G. MAYERS, Judge.

*C. C. Miller* and *W. Buchanan*, for the plaintiff in error.

1. By the provisions of the statute under which this suit is brought, the affidavit of the person praying the writ of seizure is the foundation of the proceeding. Without the magistrate's signature, there can be no affidavit, and he cannot be permitted to affix his name after the writ has accomplished its purpose. Oral evidence is inadmissible to give effect to an instrument, which is defective in a particular essential to its validity. 1 Greenl. Evid. § 86. 2. The statute does not authorize the court to adjudicate the parties' rights, except as to the property seized. It was not intended that any personal judgment should be rendered in this summary proceeding. Acts 1876, p. 111. 3. The lease being silent as to when the rent became due, parol evidence was admissible in explanation. Taylor's

Landlord and Tenant, §§ 160, 391; *Shackelford* v. *Hooker*, 54 Miss. 716.

*W. P. Harris*, on the same side, argued the points made in the foregoing brief, citing, as to the first, Acts 1876, p. 111, and as to the third, Taylor's Landlord and Tenant, § 391, and insisted upon the admissibility of the evidence explanatory of the lease.

*Lowry & McLaurin*, for the defendant in error.

The lease, being for more than one year, was required to be in writing, Code 1871, § 2892; and to it alone we must look for the date when the rent was due. 2 Story on Contracts, § 1212. No time being fixed, the term began at the date of the lease. Taylor's Landlord and Tenant, § 68. The act of 1876, p. 111, which was in force when the contract was made, entered into and became part of it. *Lessley* v. *Phipps*, 49 Mis. 790, 800. As by that law the crop could not be removed until the rent was paid, the parties evidently intended the rent to be due when the crop was gathered. If the personal judgment was wrong, it can be remedied by proper judgment in this court.

CHALMERS, J., delivered the opinion of the court.

The justice of the peace, before whom the plaintiff made his affidavit for a writ of seizure, failed to sign his name to the jurat. Upon motion to dismiss the writ for want of an affidavit, the court permitted the justice to affix his name, in open court, upon his statement that the oath had been duly administered to, and taken by the affiant, and that he, the justice, had inadvertently neglected to sign the jurat. There was, we think, no error in this, under our liberal system of amendments of pleading and process.

The plaintiff's demand for rent was based upon a written lease, and the principal point litigated was whether the rent was due. The lease was dated Oct. 11, 1876, and its term was for three years. By it the defendant agreed to pay " $800 per annum, for three years," without specifying the times of payment. The writ was sued out on Nov. 10, 1878, upon the theory that the rent became due on the eleventh of October of each year. The defendant's position is that the rent was

not due until the end of each year, and consequently was not due for the current year at the date of the issuance of the writ. With a view of showing this, he proposed to prove that, though the contract was signed on Oct. 11, 1876, his term was not to commence, and in fact did not commence, until the first of January thereafter, and that there was another tenant on the place with an ungathered cotton crop on Oct. 11, 1876, who did not vacate until January, 1877. The testimony offered was excluded by the court as contradicting the written lease. This was erroneous. The lease did not fix the date of payment, nor did it fix the commencement or end of the term. True, it was dated Oct. 11, 1876, and was for three years; but immediately following the date were the figures, "1877, 1878, 1879," which seems to imply that the term was to run for the calendar years represented by these figures. If so, it commenced on Jan. 1, 1877, and, no day of payment being specified, the rent became due at the end of each year. It was competent to show the situation and surroundings of the parties, with a view of fixing the day of payment, it not being expressed in the written instrument.

It was error, also, to give a personal judgment against the defendant in excess of the value of the property seized. The act of 1876 (Acts 1876 p. 109), regulating liens on crops, and providing for their enforcement, under the provisions of which this proceeding was instituted, contemplates only a subjection of property seized to the liens of the several parties interested, and nowhere makes provision for the rendition of personal judgments. However desirable it might be to settle all the rights of the parties in one litigation, the lawgiver has provided only for a proceeding *in rem*, and, when the court has fully distributed the property seized and adjudged the costs, its jurisdiction under the statute is exhausted.

*Reversed and remanded.*

George, C. J., having been of counsel, did not participate in this decision.