E. E. BALDWIN *v.* T. B. MORGAN.

1. LABORER'S LIEN ON CROP. *Enforcement of same. Affidavit. Itemized account. Code of 1892, § 2684.*

   Section 2684, code of 1892, provides that every laborer may enforce his statutory lien for wages due to him on his employer's interest in the crop made in the course of his employment "by making affidavit before the clerk of the circuit court, or a justice of the peace of any county where the subject-matter of the lien may be, describing therein the products sought to be subjected, setting forth his claim, his share or interest therein, and asserting his lien thereon, with an itemized account of his demand," etc. In a proceeding under this statute, where the contract of employment was by the month at a fixed and definite sum, and the affidavit states, along with the other necessary averments, that the amount claimed is for wages earned in producing the farm products specified, it is not error to overrule a motion to quash the writ of seizure issued, because of plaintiff's failure to file an itemized account of his demand and to allow the plaintiff to file such account at the trial.

2. SAME. *Affidavit. Itemized account. Items. Code of 1892, § 2684.*

   Where the affidavit filed by a laborer for the enforcement of his lien for wages against his employer's interest in the crop contains as full information as could be given by the filing of an independent paper, and his claim does not rest upon open account, but in contract for a definite sum per month, and does not consist of items, the filing an itemized account of his demand is unnecessary, an item being an article or separate particular in an account.

FROM the circuit court of the second district of Hinds county. HON. J. B. CHRISMAN, Judge.

This action was begun by the appellee by filing before a justice of the peace his affidavit, wherein he stated that he was employed by the appellant, Baldwin, during the year 1894, as

a laborer; that, as such and under his employment, he assisted to make a crop of corn and hay, which yielded about two hundred bushels of corn and about fifty tons of hay, which were then in possession of said appellant at a certain designated plantation in the county; that the appellant was indebted to him in the sum of $165.70 for wages under said contract, which he refused to pay, and that he, the affiant, had a lien on said property for the recovery of his said wages. A judgment by default was taken before the magistrate, and Baldwin appealed to the circuit court, where, on February 11, 1895, he filed a motion to quash the writ of seizure and dismiss the action because no itemized account of appellee's demand had been filed. On the hearing of this motion the appellee asked leave to file an itemized account of his demand. The motion to quash was overruled, and plaintiff given leave to file his account and taxed with all accrued costs. On the same day the appellant, by way of defense, filed his statement, under oath, stating, among other things, that the contract between him and appellee was a verbal one, and that, by its terms, appellee was to work for him during the year 1895, at the rate of twenty dollars per month, payable at the end of the year, except that a sufficiency thereof for appellee's necessary use should be advanced during the year. After the motion to quash the writ of seizure was overruled, the defense was confined to an effort to limit the recovery to the sum of $85.70, admitted to be due. There was no other evidence than the testimony of the parties litigant. Verdict and judgment for the appellee, and Baldwin appealed.

*E. E. Baldwin, pro se.*

The motion to quash the writ of seizure should have been sustained, and the cause dismissed. The filing by the plaintiff of an itemized account of his demand was, under § 2684, code of 1892, a condition precedent to the issuance of the writ and the inauguration of the proceeding. His failure to comply with this requirement, therefore, renders the whole proceeding

void. *Ford* v. *Burch*, 2 Smed. & M., 260; *Houston* v. *Belcher*, 12 Smed. & M., 514.

The court was without jurisdiction in consequence of the plaintiff's failure to perform this condition precedent. *Coward* v. *Dillinger*, 56 Md., 59; *Clark* v. *Roberts*, 1 Ill., 222; *Erwin* v. *Coml. Bank*, 3 La. Ann., 186.

*Ben H. Wells*, for the appellee.

The motion for leave to file an itemized account of plaintiff's demand, and the defendant's motion to quash the writ of seizure, were heard together. The former was properly sustained, the court having full authority to do so under § 717, code 1892. *Barker* v. *Justice*, 41 Miss., 240. If he had been guilty of neglect in not filing it earlier, he suffered the proper penalty in having to pay all accrued costs.

Section 2684 will be given a free interpretation in favor of the laborer. *Buchanan* v. *Smith & Barksdale*, 43 Miss., 90.

A plaintiff who has commenced a personal action may, after plea, change his action, and substitute for his declaration a petition *in rem* to enforce a mechanic's lien. *Weathersby* v. *Sinclair*, 43 Miss., 189. And *vice versa*. *Noble* v. *Terrell*, 64 *Ib.*, 830.

There was no claim of surprise in the case, no application for a continuance, and no undue advantage resulted from the amendment.

COOPER, C. J., delivered the opinion of the court.

The appellee's claim against appellant was not upon open account, but upon a contract of employment by the month at a fixed and definite sum. The affidavit contained as full information as could be given by filing an independent paper. The claim did not consist of "items," and therefore an "itemized account" could not be filed. An item is an article; a separate particular in an account. Webster's Dictionary.

*The judgment is affirmed.*