Sivley *v*. Williamson.

[72 South. 1008.]

1. Bills and Notes. *Negotiability. Note payable to bearer. Bona-fide purchaser. Presumption. Defenses. Payment to person not in possession. Estoppel. Failure to assert title. Pleading. Necessity.*

    A note payable to bearer is a negotiable instrument to which the title passes by a delivery of the note and the holder is presumed *prima facia* to be the *bona-fide* owner of it.

2. Same.

    Where there was no evidence as to when or how a vice president of a bank secured possession of a note payable to the bank or bearer in a suit by him upon the note, it was error to give a peremptory instruction for the defendant on proof of payment to the bank.

3. Bills and Notes. *Defenses. Payment to person not in possession.*

    Payment of a note payable to bearer, to a person not in possession of the note is at the risk of the payer.

4. Estoppel. *Failure to assert title. Bona-fide purchaser.*

    If the vice president of a bank claiming to be the owner of a promissory note was present at the time of the payment of the note by the payer to the bank and knew and understood what was going on, then it was his duty, certainly as an officer of the bank to have explained the true situation to the payer and failing to do so, he would be estoppel from maintaining a suit on the note against the payor.

5. PAYMENT. *Pleading. Necessity.*

Under our statute payment is an affirmative defense and should be specially pleaded or notice given of it under the general issue.

6. BILLS AND NOTES. *Payment. Officer. Paper.*

An officer of a bank has a right in good faith to buy its negotiable paper for a valuable consideration and a payment to the bank after such purchase does not relieve the payer from liability to the officer.

APPEAL from the circuit court of Newton county. HON. J. D. CARR, Judge.

Suit by W. B. Sivley against J. W. Williamson. From a judgment for defendant, on peremptory instruction, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*E. L. Trenholm,* attorney for appellant.

It would be idle to cite authorities upon the proposition that the plaintiff made out a *prima-facie* case upon introducing in evidence a note (admittedly executed by defendant) payable to bearer, which note was in due legal form.

The question, therefore, for determination, is whether the defendant, by his evidence, met and overcame this *prima-facie* case. There are three considerations: (1) on the face of the pleadings, coupled with defendants evidence; (2) was payment made to the plaintiff; (3) Was payment to the bank satisfaction of plaintiff's demand because he was an officer and director of the bank. It was upon this last question that the trial court gave the instruction for the defendant, and in this we say he was surely in error.

Was payment made to the plaintiff.

While all the defensive evidence for the defendant was upon the theory of payment, it is conclusive from the evidence of the witness Williamson that payment was to the bank and not to the plaintiff. Witness Munn, in his vindictive testimony, "thinks" payment was

made to plaintiff. This conflict is wholly in the testimony offered by defendant, and, if a question at all, was one for the jury. But Williamson, defendant, and his receipt, are absolutely conclusive of this question. Payment was to the bank.

*J. S. Rhodes,* for appellant.

The appellant made out his case, and there was no testimony to show that the note had ever been paid to him, in fact the very receipt itself given appellee by the said bank, shows that payment was made to the bank, and he was therefore entitled to the peremptory instruction asked for and refused by the court.

The court erred in granting the appellee a peremptory instruction. In the first place this instruction should have been given the appellant, in which event it could not have been given to the appellee also.

According to the case of *I. C. R. R.* v. *State,* 48 So. 561, "Where a case is disposed of by a peremptory instruction, an assignment that the court erred in giving it brings the entire case up for review, and permits arguments for and against such exception to be made for the first time on appeal," we are permitted to review the entire case and to make new arguments in this court. I therefore wish to call the court's attention to this proposition, there was an issue of fact which should have been passed upon by a jury, assuming that the contention of the appellee is correct. There is testimony in the record on page 17 to show that the appellant was the general manager of the said bank in addition to being vice-president and a director, and if he was, the lower court no doubt was influenced by the idea that as such, he should have known that the note was paid to the said bank. The testimony for the appellant shows that Mr. W. B. Sivley was merely the vice-president and a director in said bank. There is therefore a material variance between important facts, in the case,

and this matter should have been passed upon by a jury, and the lower court erred because is was not submitted to a jury.

As the record shows that the appellant owned the note as an individual, and that he did not have any actual knowledge of the fact that the appellee had paid it to the said bank, and that as the appellant did not occupy such a position with the said bank that the knowledge of the payment of the note to the bank could be imputed to him, it was therefore error for the lower court to grant the appellee a peremptory instruction, and the trial judge likewise committed serious error in not granting the appellant a peremptory instruction. Wherefore the appellant prays that the judgment of the lower court may be reversed and that a judgment be entered in this court for him for the amount sued for together with reasonable attorneys' fees and costs.

Appellant respectfully contends though that should the court not render this kind of a verdict, it should reverse and remand the case for a new trial.

*W. I. Munn,* for appellee.

There is no dispute whatever about the payment of the note; J. W. Williamson did not nor has he ever denied the execution and the delivery of this note for four hundred and ten dollars to the Merchants & Farmers Bank, but after it was executed and delivered and a short time after it was due, he went to the usual place of business of the said Merchants & Farmers Bank with the money in his hand and paid it to the said Merchants & Farmers Bank, delivering the cash to H. F. Sivley, cashier of the said bank and who was also the son of the appellant, W. B. Sivley, and also the son of Mrs. W. B. Sivley, the wife of the appellant. Williamson also testified in his examination on the witness stand that he had considerable business with the said

Merchants & Farmers Bank on or about this time, and that also the appellant, W. B. Sivley was at that time vice-president of the said Merchants & Farmers Bank, and was also the general manager thereof, and was at that time one of its principal stockholders and was also one of its principal creditors; Williams also testified that when he would go to the bank on or about the time this note was paid, that is to say, at the time of the payment of the note and prior and subsequent thereto, that he frequently saw the appellant in and around the bank, and that on the date that this note was paid it was his impression that W. B. Sivley was in the bank, and that the money due on the note with interest thereon was paid in his presence; surely there can be no mistake about this matter. There is no conflict in the testimony; Williamson says he paid the note; Williamson says that he paid it to the cashier of the bank, he thinks in the presence of W. B. Sivley; Williamson says that the appellant was the business manager and vice-president of the bank and that he, the said W. B. Sivley, was in and around the bank nearly every day; no one denies these facts; the appellant offered no rebutting testimony of any kind whatever to show or that tended to show that these facts were not true; surely this was sufficient proof to overcome the presumption that the appellant was not a *bona-fide* holder for value before maturity without notice, viewing the case as though the appellant was not in anywise connected with the Merchants & Farmers Bank, either as a stockholder, vice-president, general manager or other officer in the bank. We do contend, and we insist that there is sufficient proof in this record to impute knowledge to the appellant as to the payment of this note, and that if he had been a stranger to the bank, that under the testimony in this record as to his knowledge of the payment of this note, he could not and ought not to recover against the appellee because some of the witnessess who testified for the appellee in the circuit court said that they were

under the impression that Mr. W. B. Sivley was there in the bank with his son Hamilton at the time that the note was paid, and if he was there, then it follows that payment to the cashier of the Merchants & Farmers Bank was payment to him; if he owned the note, and if he was the holder of the note at that time, it stands to reason that he got the money on the note, and if he didn't get the money, he had an opportunity to get it; it was his duty and his privilege to have spoken to his son, Hamilton, at that time and told him about it, otherwise he is now estopped and cannot be heard to complain.

Sykes, J., delivered the opinion of the court.

This suit was instituted by the appellant, plaintiff in the court below, in the circuit court of Newton county, upon a promissory note signed and executed by the appellee for the sum of four hundred and ten dollars, dated April 4, 1912, due May 4, 1912, payable to the Merchants' & Farmers' Bank or bearer. The appellee, J. W. Williamson, pleaded the general issue and also a special plea to the effect that he had been discharged of this indebtedness in a bankruptcy proceeding. The note also provided for reasonable attorneys' fees. At the trial in the court below, plaintiff introduced the note, proved what a reasonable attorneys' fee was, and rested. The defendant introduced testimony which tended to prove that the plaintiff, W. B. Sivley, was the vice-president of the payee bank, and was also a director and one of its principal stockholders; that he was in and around the bank a great deal, especially for a time before the bank went into the hands of a receiver, which was about June 11; that on June 1st, after the maturity of the note, the defendant went to the bank and told the cashier, H. F. Sivley, who was a son of the plaintiff, that he desired to pay this note. The cashier looked upon his note register, and told him the amount of principal and interest, and took the money in payment of same. He then looked for the note, and, after some minutes, returned and told

the defendant that he was unable to find the note. The defendant says that, at the time of this alleged payment, he does not know whether Mr. W. B. Sivley, the plaintiff, was in the bank, or not. The testimony of one witness, however, which is not very positive on this point, would indicate that the plaintiff was present at the time of this attempted payment. A receipt was given the defendant by the cashier of the bank. There is also some testimony in the record to the effect that W. B. Sivley at one time was the general manager of the bank. This testimony is contradicted by other witnesses, who say that plaintiff was nothing more than a vice-president. After the introduction of all the testimony, the court declined a peremptory instruction requested by the plaintiff, and gave one requested by the defendant. In this the lower court committed error. A note payable to bearer is a negotiable instrument to which the title passes by a delivery of the note. The holder is *prima facie* presumed to be the *bona-fide* owner of it. *Craig* v. *City of Vicksburg,* 31 Miss. 216; *Gillespie* v. *Planters' Oil Mill,* 76 Miss. 406, 24 So. 900.

Payment of an instrument of this character to a person who is not in possession of it is at the risk of the payer. 7 Cyc. 1029. There was no proof introduced by the defendant to show that the plaintiff was not the *bona-fide* owner of this note. It is true that there was some testimony to the effect that the plaintiff took possession of the notes belonging to the bank shortly before its failure, and that there was subsequently a compromise between him and the bank by his returning to the bank certain notes. The testimony also is to the effect that the bank was indebted to the plaintiff and his wife in the sum of about thirty thousand dollars at this time. However, the record in this case does not show whether the note here sued on was one of the notes taken possession of, as above set out, nor the facts as to why or how they came into possession of these notes.

If the plaintiff was present at the time of the attempted payment of this note by the defendant and knew and understood what was going on, then it was his duty, certainly as an officer of the bank, to have explained the true situation to the defendant. Failing to do so, he would be estopped now from maintaining this suit.

Under our statutes payment is an affirmative defense, and should have been specially pleaded or notice of it given under the general issue. Neither was done in this case.

It is the contention of the appellee that, since the appellant was the vice president and, as he contends, the general manager of this bank, then the alleged payment to the bank would be binding upon him, There is no merit in this contention. An officer of a bank has a perfect right in good faith to buy its negotiable paper for a valuable consideration.

*Reversed and remanded.*