ORR *v.* JACKSON JITNEY CO. ET AL.

[75 South. 945, Division A.]

1. SALES. *Conditional sale. Priority. Judgments. General liens.*

Where a jitney car company was engaged in two separate and distinct lines of business; first, operating automobiles and taxicabs for the carriage of passengers for hire in a city and vicinity; and second, trading in automobile supplies, and acquired a jitney buss and used it in its business of operating automobiles for hire, such bus did not come within the provision of section 4784, Code 1906, making property used in the business liable to creditors if a "business sign" is not displayed and in such case the lien of a judgment creditor must be postponed to the lien of the seller of the bus who sold with a reservation of title.

2. MECHANICS. *Right to lien. Character of work. Personal property. Statute.*

Under section 3075, Code 1906, authorizing a mechanic who does work on personal property to retain it until his work is paid for, where such mechanic goes after and brings a car to his shop so that he might repair it, such service does not come within the provisions of the statute.

APPEAL from the chancery court of Hinds county.
HON. O. B. TAYLOR, Chancellor.

Suit by H. S. Orr against the Jackson Jitney Car Company and another wherein one Dumford intervened. From the judgment rendered, Orr and Dumford appeal.

The Jackson Jitney Car Company was a corporation chartered by the state, the purposes specified in its charter being "to own and operate automobiles and motorcars for hire, and to conduct a general automobile and taxicab business for the carriage of passengers for hire in the city of Jackson, Mississippi, and territory adjacent thereto." This corporation purchased from H. S. Orr a "Studebaker jitney bus" for the sum of one thousand three hundred dollars, of which five hundred dollars was paid in cash and eight notes of the Jackson Jitney Car Company for one hundred dollars each, payable to Orr, were executed and delivered, evidencing the balance of the purchase money. Each of these notes contains the provision that:

"Title to Studebaker bus No. 442447 for which this note, one of a series of eight is given, to be and remain in vendor's name until this note is fully paid."

One of these notes was paid, and the other seven were not paid. Immediately after the purchase of this bus by the Jackson Jitney Car Company, it executed a deed of trust on the bus and other property to Teat as substituted trustee for Little (who was a stockholder and officer of the Jitney Car Company), to secure five hundred dollars loaned by Little to the Jitney Car Company. Afterwards one Decell obtained a judgment for two hundred and fifty dollars against the Jitney Car Company, and execution was issued and levied upon the bus in controversy. Thereupon Teat, trustee, made claim to the property in behalf of Little, the beneficiary in the deed of trust, and the sheriff delivered the property to the claimants, bond being duly executed. Thereafter this suit was begun by Orr, the object being to enforce his equitable lien arising from the retention of title to the bus by Orr, the seller. At that time three of the seven unpaid notes were past due. After the institution of this suit one Dumford, a mechanic, was permitted to intervene and set up a claim for labor per-

formed in the repair of the bus during the time same was in possession and operated by the Jitney Car Company, and before the institution of this suit. The court found against the Jitney Car Company, and the claim of Little, beneficiary in the deed of trust, and found in favor of Orr for the amount of the unpaid notes held by him, subject, however, to the claim of the judgment creditor, Decell, for two hundred and fifty dollars, and Dumford, the mechanic, for one hundred and one dollars and eighty-nine cents, which last claim was made superior to all the other claims. Orr appeals, but the Jitney Car Company and Little did not appeal, so the controversy in the supreme court was between Orr as appellant, and Decell, the judgment creditor, and Dumford, the mechanic, as appellees. Appellees claimed that the Jitney Car Company was engaged in the mercantile business as well as in operating cars for transportation of passengers, and that it sold automobiles and automobile parts, and that, being so engaged, it was in the business of a trader, and that the bus in question was acquired in its general course of business, and that Decell, the judgment creditor, without notice of the lien of Orr, had the right to look to the assets of the Jitney Car Company for the enforcement of his judgment, because of the "business sign statute" (section 4784) which provides as follows:

"If a person shall transact business as a trader or otherwise, with the addition of the words 'agent,' 'factor,' and 'company, or '& Co.,' or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without any such addition, all the property, stock, money, and choses in action, used or acquired in such business shall, as to the creditors of any such person, be liable

for his debts, and be in.all respects treated in favor of his creditors as his property.''

*R. H. & J. H. Thompson* and *Fulton Thompson,* for appellant.

The first question: Decell's judgment and execution lien. This court has so often adjudged the validity and effectiveness of the retention of title by the seller of personal property as security for the unpaid purchase money that we deem it almost useless to cite authorities on the subject; we will, however call the court's attention to the following of its own decision on the question: *Thomas* v. *Harris,* 1 Smed. & M. 185; *Ketchum* v. *Brennon,* 53 Miss. 607; *Duke* v. *Shackleford,* 56 Miss. 552; *Gaydeh* v. *Tufts,* 68 Miss. 691; *Foundry Co.* v. *Pascagoula Ice Co.,* 72 Miss. 615; *Young* v. *Sallie,* 83 Miss. 362; *Watts* v. *Ainsworth,* 89 Miss. 40, and the following decisions distinctly recognize the doctrine of those affirmatively announcing it. *Journey* v. *Priestly,* 70 Miss. 584; *McKean* v. *Apparatus Co.,* 74 Miss. 119; *Broomfield* v. *Hoover,* 90 Miss. 502.

This court has held, however, that where a seller sells personal property to one whom he authorizes to resell it, and the same is resold, the retention of title by the first seller loses its efficacy. *Columbus Buggy Co.* v. *Turley,* 73 Miss. 529; *Parry Mfg. Co.* v. *Lowenberg,* 88 Miss. 532. In these cases the plaintiffs, the owner of personal property reserved title in themselves but gave possession to another with power to sell the property, and the authorized person sold the same to the defendants, who were without notice of plaintiffs' reserved title. There is no doubt about the correctness of these decisions, because in each case the right to sell to strangers was given by the owner to the party whom he placed in possession, although he reserved title in himself. The point to the Columbus Buggy Company case was the fact that the

contract conferred a right on the vendee to resell the property; and the distinguishing feature of the Parry Mfg. Company case was that the manufacturing company gave power to Harvey to dispose of the property as the agent of the selling company and the ultimate purchaser in each case had no notice of the reservation of title.

In each case the seller who reserved the title authorized the buyer to sell the property. The express authorization to sell itself precluded the party in whom the title was reserved from afterwards claiming the property when found in the hands of one who had purchased it for value without notice, just as effectually as if the sale had been made by the holder of the legal title himself.

This case presents no such feature. Orr did not in any way authorize the Jitney Company to sell the bus; it was not purchased by the company to be resold and it has never been resold. 2 Freeman on Execution, 335.

The doctrine of *caveat emptor* applies with full vigor to execution sales. Our courts have held that a private sale of personal property by a vendee whose vendor has reserved title in himself as security for the unpaid purchase money is not effective against the reserved title, although the second purchaser was without notice and paid full value for the property. *Ketcham v. Brennan,* 53 Miss. 596; *Nugent v. Priebatch,* 61 Miss. 402.

The second question; Dunford's claim. The chancery court had no jurisdiction of the claim propounded by Dumford and should not have permitted him to interplead and become a defendant to the suit but we will not argue the question because of section 147 of the Constitution. The decision of this court in the case of *Brown v. Dale,* 109 Miss. 52, 67 So. 659, is recognized as authority supporting the legal proposition on which Dunford's demand is based.

The chancery court, however, was too liberal in its rulings in favor of Dumford; his petition or answer to

the bill and the account thereto attached are insufficient to entitle him to the full relief the chancery court granted him. His answer or petition does not show when he did the work on the jitney bus and but poorly, if at all, identifies the bus upon which the work was done. His petition or answer avers that Dumford did certain work and repairs upon "said jitney bus" but there is no preceding mention of the bus in the pleading.

There are four items in the account aggregating fourteen dollars and twenty-five cents charges for "going after and bringing in the car" presumably from places where it had broken down Dumford had no lien for these items; they did not involve the services of a mechanic; nor was he entitled to a lien under any condition for the bottle of Neat Foots Oil, thirty-five cents, sold by him to the Jitney Company.

The third question has either Decell, the judgment creditor, or Dumford, the mechanic, the right to subject the property to their respective debts because of the business sign statute, Code 1906, 4784.

The pleadings in this case do not present this question and it is by no means certain that the chancery court passed upon it. However, we are advised that in the trial in the court below counsel for appellees insisted that the case fell within the provisions of the statute. It is true that the statute provides:

"If any person shall transact business in his own name," all the property, stock, money and choses in action used or acquired in such business, shall, as to the creditors of any such person, be liable for his debts and be in all respects treated in favor of his creditors as his property."

The jitney bus in question was neither used nor acquired in the mercantile or trading business of the Jitney Company. It was acquired in its business as a common carrier of passengers on the streets of Jackson; it was not acquired for the purpose of being sold, nor did

Orr have any knowledge at the time he conditionally sold the bus that the Jitney Company was engaged or was about to engage in any other business than that authorized by its charter. There is no proof in the record to show that the bus was ever used in the mercantile or trading business of the jitney company; that it may have been occasionally run into the house in which the Jitney Company was carrying on its business as a trader, if it were a trader, does not render the bus liable to the company's creditors under the sign statute.

It is a complete answer, we submit, to the proposition that this case falls within the business sign statute to say as is the case, that the bus with Orr's consent was neither used nor acquired in the trading business of the Jitney Company, if it had one. *Adams* v. *Berg,* 67 Miss. 234, 7 So. 225; *Longino* v. *Bank,* 76 Miss. 395, 24 So. 901. It was conditionally acquired by the Jitney Company in the course of the business for which the company was chartered, the carriage of passengers along the streets of Jackson and roads in the vicinity. It was never sold to the Jitney Company; it was not a part of its stock in trade, even if it were run into the place of business where the Jitney Company engaged as a trader in other articles. See also *Gayden* v. *Tufts,* 68 Miss. 691, and *Tufts* v. *Stone,* 70 Miss. 54, showing that the business statute ought to receive a sensible construction.

*J. A. Teat* and *Chalmers Potter,* for appellee.

The only question involved upon the hearing of this cause upon appeal is whether or not the statute of frauds (section 4784) known as the business sign statute, applies. If it does apply, then Mr. H. S. Orr, appellant, has no standing in court.

The first contention of appellant is: "There is no pretense even in the pleadings that the complainant, Orr, had knowledge that the jitney company was engaged in any other business than that for which it ob-

tained its charter and no pretense whatever that the Jackson Jitney Car Company purchased the automobile bus in question in its mercantile business or with intent and design to sell the same."

All of the business of the Jackson Jitney Car Company should be subject to the payment of the notes of Mr. Orr, for the judgment of Mr. Decell, or for the payment of the mechanic's and materialmen's lien of Mr. Dumford, by what authority or decisions would the sheriff be justified in distinguishing one class of property of the Jackson Jitney Car Company from another when levying his execution. Under section 4784, Miss. Code 1906, the statute uses this comprehensive and clear language.

"All the property, stock, money and choses in action used or acquired in such business, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property."

It must therefore follow that the distinction sought to be made by appellant cannot be maintained. An opinion of this court to this effect would be destructive of the statute, productive of such litigation and would overrule the long line of decisions which have well settled the scope and interpretation of this very beneficial statute. *Hall* v. *Berg,* 65 Miss. 187; *Merchants & Farmers Bank* v. *Schaaf* (Miss.), 66 So. 402; *Gallaspy* v. *International Harvester Co.,* 67 So. 904.

C. E. Dumford, a mechanic in the city of Jackson, has put in his claim for one hundred and seven dollars as a prior lien on the "jitney bus" question for labor and work done on the said car.

In appellant's brief it is claimed that it does not clearly appear that the work was not done and the repairs made during the time that Dumford was in the employ and was a servant of the Jackson Jitney Car Company. That counsel is entirely wrong in this is shown on page 57 of the record where Dumford swears that all the work

for which he claimed his lien was done after he left the employment of the Jackson Jitney Car Company.

This case is on all fours with the case of *J. A. Broome & Sons* v. *S. S. Dale & Sons,* 67 So. 659. In that case Dale & Sons sold the automobile in controversy to one Polk for the price of seven hundred and seventy-five dollars and retained title in themselves to the automobile as security for the purchase price. There was still four hundred and sixty-five dollars due them on the car. Broome & Sons knew at all times that the automobile had not been fully paid for by Polk. Broome & Sons, mechanics, did ninety-five dollars and twenty-five cents worth of work on the automobile.

It is contended by counsel for appellant that Dumford is not entitled to pay for four items on the account aggregating fourteen dollars and twenty-five cents charges for going out to bring in the car. Counsel claim that Dumford had no lien for these items as they did not involve the service of a mechanic. Section 3075 of the Code of 1906, reads as follows:

"All carriages, buggies, wagons, plows or any article constructed, manufactured or repaired by any person and at his instance, shall be liable for the price of the labor and material employed in the repairing of the same."

It cannot be contended that it was not necessary labor to go after the automobile after it had broken down and bring it back to repair it, and section 3075 provides, as above stated, that any article repaired shall be liable for the price of the labor employed in repairing it.

All of these contentions, facts and evidence were thoroughly gone into and thrashed out before the chancellor on the trial of this cause and the trial court having found the facts in favor of the claimant, Dumford, the appellant, is therefore accordingly bound by the facts as found by the trial court unless the finding be manifestly wrong. In the case the finding of fact is manifestly correct and

is supported by the strongest reasoning as well as common sense judgment.

Therefore we respectfully submit that the decree of the chancery court is eminently correct and that the same should be affirmed.

SMITH, C. J., delivered the opinion of the court.

The Jackson Jitney Car Company was engaged in two separate and distinct lines of business: First, operating automobiles and taxicabs for the carriage of passengers for hire in the city of Jackson and vicinity; and, second, trading in automobile supplies. The Jitney bus here in controversy was acquired and used in its business of operating automobiles for hire, and consequently does not come within the provisions of section 4784 of the Code, so that the lien of Decell, the judgment creditor, should have been postponed to that of appellant.

Dumford, the mechanic, has no lien for the charges in his account aggregating fourteen dollars and twenty-five cents for "going after and bringing in the car," so that he might repair it; services of this character not coming within the provisions of section 3075 of the Code, and to that extent the decree in his favor is erroneous.

Reversed, and judgment here in accordance with this opinion.

*Reversed.*