HARDY *v.* WATKINS.[*]

(Division B. May 21, 1928.)

[117 So. 255. No. 27185.]

---

[*]Corpus Juris-Cyc. References: Motor Vehicles, 42CJ, p. 820, n. 32.

*Crisler & Nicols,* for appellant.

*McNeil & Hendrick,* for appellee.

PACK, J.  L. L. Patterson and his wife purchased a Cadillac car from a Jackson dealer, executing notes for deferred payments thereon, secured by a deed of trust on the car, designating H. V. Watkins as trustee.  The deed of trust was promptly recorded, and subsequently, together with the notes, assigned to a Jackson bank.  Appellant, Hardy, operates a place of business in which he sells automobile tires and auto accessories.  In connection therewith, he is engaged in vulcanizing and in the repair of tires.  Hardy sued the Pattersons on account, four items of which were for the price of new casings and inner tubes sold for said car, and claimed a lien upon the car therefor.  Mr. Watkins, as trustee, filed a claimant's issue against plaintiff's demand that the car be condemned to satisfy his debt for said tires.  Hardy predicated his suit upon section 3075, Code of 1906 (section 2604, Hemingway's 1927 Code), which, among other things, provides—

". . . Any article constructed, manufactured or repaired for any person, and at his instance, shall be liable for the price of the labor and material employed in constructing, manufacturing, or repairing the same.".

The record presents two points for our decision: (1) Did Hardy have a lien on the car for the tires? and (2) if he did have such a lien, was it subordinate to the deed of trust?

Our view of the case renders it necessary to decide the first proposition only. The lien created by the statute applies only where labor and material are employed in the construction, manufacture, or repair of such articles named therein. It was designed to protect mechanics who have furnished such labor or material for any one or more of said three purposes. This statute has been construed in *Broom* v. *Dale,* 109 Miss. 52, 67 So. 659, L. R. A. 1915D, 1146; *Hollis & Ray* v. *Isbell,* 124 Miss. 799, 87 So. 273, 20 A. L. R. 244; *Orr* v. *Jackson Jitney Car Co.,* 115 Miss. 140, 75 So. 945; *Moorhead Motor Co.* v. *Walker Auto Co.,* 133 Miss. 63, 97 So. 486. All these cases dealt with questions of priority of the lien, as between the mechanic who had repaired the car and vendor with retained title for purchase price.

The record conclusively shows that Hardy sold the tires in question in the usual course of trade. He kept them for sale to any customer, and testified that he sold the four tires and tubes at the usual customary price that he would have asked any other customer. The mere fact that one of his employees removed the old tires, replacing them with the new ones, without making any charge for such labor, did not convert Hardy from seller into mechanic engaged in repair of the car.

It is contended that the new tires were necessary to preserve the property and permit its operation. The same could be said of other accessories purchased for use on the car. This would not, however, operate to create the mechanic's lien on the car in favor of the seller of such accessories. The learned circuit judge heard the case on the record from the county court, affirmed the judgment thereof, and rendered a written opinion denying the application of the lien. In this we think he was correct.

Appellant cites *Courts* v. *Clark,* 84 Or..179, 164 P. 714, and *Gardner* v. *Le Fevre,* 180 Mich. 219, 146 N. W. 654, Ann. Cas. 1916A, 618. In the first, the statute of Oregon expressly provided such a lien. Quoting from the opinion:

"The section of the statute under consideration was amended February 9, 1917, so as to give a lien to any person who furnished an automobile tire at the request of the owner or reputed owner of a motor vehicle."

And the Michigan case is authority for appellee. The majority opinion, speaking through OSTRANDER, Justice, concurred in by five other members of the court, held:

"In my opinion, plaintiff has no lien upon the automobile for the price of the extra tire, nor has he any lien under the statute relied upon for the price of the tire."

The judgment of the learned court below will be affirmed.

*Affirmed.*