HANNAN MOTOR CO. *v.* DARR, et al.

Division B. Jan. 7, 1952.

No. 38158 (56 So. (2d) 64)

Holcomb & Curtis, for appellant.

Roberson, Luckett & Roberson, for appellees.

874

**Ethridge, C.**

This case involves in part questions concerning the application of payments made to a general creditor claiming also statutory mechanic's and purchase money liens, and the determination of whether particular items are subject to the mechanic's lien.

The action was instituted in the County Court of Coahoma County by appellant, Hannan Motor Company, against A. J. Fullilove, and Lamar M. Darr and A. W. Mooney. From May through August, 1950, Fullilove was in possession of a Ford truck under a contract with the owners, appellees Darr and Mooney, under which Fullilove paid a monthly rental for the truck and upon the payment by Fullilove of a stated amount, appellees would convey title to it to Fullilove. While in possession of the truck and during the months of May through August, 1950, Fillilove had certain repairs made on it by appellant, the charge for the same totalling $318.04.

On August 19, 1950, Fullilove bought four tires and four tubes for the truck from appellant and executed a note to appellant for them in the amount of $672.59 on which he subsequently paid $224.19, leaving a balance unpaid for the tires and tubes of $448.40. After these repairs and materials were furnished by appellant, appellees, Darr and Mooney, repossessed the truck because of default by Fullilove in his contract with appellees.

Appellant then instituted the present action in the County Court of Coahoma County, averring these facts and that the repairs and materials were necessary to preserve the property, permit its ordinary operation, and prevent its deterioration. Appellant asked the court to subject the truck to a mechanic's lien in its favor for the repairs and materials in the amount of $318.04, and for a purchase money lien on the tires and tubes in the amount of $448.40. In their answer appellees said that they had had no lien on the truck, but that they leased the same to Fullilove, and had retaken possession of it because of Fullilove's breach of the lease contract. However, Fullilove's uncontradicted testimony showed that he had a lease and purchase agreement. Appellees denied that when they repossessed the truck they knew that the price of the tires was unpaid and denied that the truck was subject to the claimed liens. They did not deny that Fullilove owed the debt to appellant. After a hearing on the merits, the County Court without a jury rendered a judgment for appellant impressing the statutory mechanic's lien on the truck and the statutory purchase money lien on the tires and tubes for the stated amount. Appellees offered no testimony. No personal judgment was rendered against Fullilove.

From that judgment of the County Court, Darr and Mooney appealed to the Circuit Court of Coahoma County, which considered the matter on the record made in the County Court and oral arguments. The Circuit Court reversed the judgment of the County Court, denied ap-

pellant the liens, quashed the writ of seizure, and directed that the truck, tires and tubes be returned to appellees. From that judgment of the Circuit Court, the Hannan Motor Company appeals.

Appellees say that appellant's account was not properly itemized as required by Code, Sec. 341, which requires: "A person having any lien in the foregoing sections mentioned can enforce the same by making affidavit before any officer authorized to administer oaths of any county where the subject-matter of the lien may be, describing therein the property sought to be subjected, setting forth his claim, share or interest therein, and asserting his lien thereon, with an itemized account of his demand * * *." The account attached to the declaration was sworn to as being true and correct by the president of appellant corporation. As part thereof, there were fourteen invoices in some of which the materials or parts furnished for the truck along with the labor were specifically described, and in others catalogue serial numbers of the parts were stated with no specific descriptions of the materials furnished. Fullilove, the debtor, who was the first witness for appellant, admitted the correctness of the account. Appellees in their answer did not deny its correctness and therefore admitted it. Nor did appellees file any motion for a bill of particulars under Code, Sec. 1499. The first objection by appellees to the account was by objection to the testimony of Claude Durham, service manager of appellant, who testified as to a more detailed description of each of the items in the account.

We think that appellees waited too late to object to the account. They filed no pleadings questioning it, and their answer in effect admitted its correctness. Moreover, Code, Sec. 350 provides for the method of contesting the claims of a lienor. The contestant must file a statement in writing under oath, stating his defenses or claims. Appellees did not do this. Under the statute on open accounts, Sec. 1754, it has been held that a whole-

sale denial of an account is not sufficient, but that the contestant must specify the particular items in question. Tichenor v. Woodburn Sarven Wheel Co., 1877, 54 Miss. 589. If appellee had seasonably objected by a pleading to the sufficiency of the account, appellant could have amended it to state the facts in more detail. Failure to do so waived any subsequent objection to use of the account, and testimony explaining it. Appellees in their answer must put in issue the account or that point is waived. See Enochs-Flowers, Inc. v. Bank of Forest, 1934, 172 Miss. 36, 157 So. 711, 159 So. 407; Miss. Laws 1950, Chap. 356.

We do not think that such cases as W. M. Finck and Company v. Brewer, 1923, 133 Miss. 9, 96 So. 402, control here. They are based upon Code of 1942, Sec. 1754, the open account statute, which establishes a rule of evidence and the constituents of a prima facie case in an in personam action. Here a different statute is involved, and the action and remedy granted are different, both being in rem. The lien arises from the existence of a debt and the fact that the work from which the debt arose was done on the truck and the materials were placed thereon by appellant. The debt is only one item of an action to establish a lien, not all of it, as in an open account suit under Sec. 1754. Moreover, in the cases cited by appellees, the defendants had put in issue by their pleadings the correctness and validity of the account, while here the defendants in their answer in effect admitted the debt was correct and owing. For the same reasons we do not think that Code Secs. 1469 and 1470 are applicable.

It is also argued that the tires and tubes upon which appellant claimed a purchase money lien were not adequately described in the original declaration and the affidavit, as required by Code Sec. 341, and that, therefore, no lien exists on those items. However, appellees made no motion for a bill of particulars as to these items. And two days before the trial, the county court

allowed an amendment correctly describing the tires and tubes, and making the description applicable to both the declaration and the affidavit. Amendments are liberally allowed under Code Secs. 1511 and 1607, in order that the parties may reach the merits of a case. It does not appear that appellees were prejudiced in their defense by this amendment. We think that it was a proper exercise of the county court's discretion. See May v. Williams, 1883, 61 Miss. 125; Hartsell v. Myers, 1879, 57 Miss. 135; Baldwin v. Morgan, 1895, 73 Miss. 276, 18 So. 919.

 No personal judgment was taken against the defendant Fullilove. Appellees argue that in order for there to be an effective mechanic's lien, the court (a) must adjudicate as a basis of it the existence of an obligation of Fullilove to appellant, and (b) render a personal judgment against him. The effect of the county court's judgment was to so adjudicate the existence of such an obligation. Moreover, Fullilove admitted that the debt was correct, due and owing and appellees admitted the same by not denying it in their answer. Appellees offered no evidence to contradict Fullilove's admissions. A distinction must be made between an adjudication that an obligation exists, which was admitted here, and the actual rendition of a personal judgment, which the county court did not do. 147 A. L. R. 1100. Whether the latter should be obtained was a right which appellant could exercise in its discretion. We do not consider whether the failure of appellant to obtain a personal judgment against Fullilove affects any attempted future exercise of such a right. The lien statutes, Code Secs. 353 and 337, create rights in rem. Sec. 350 expressly provides for a judgment as to the "subject matter", the res of the suit, and states that "judgment *may be given* against the party liable thereto for any amount * * *." This interpretation of these statutes is in accord with the general rule, as stated in 57 C. J. S., Mechanics' Liens, Sec. 265, page 873: "A mechanic's lien proceeding, in

so far as it is directed primarily to charging the particular property with the lien, is generally regarded as a proceeding in rem, or as a proceeding which is quasi in rem, or in the nature of a proceeding in rem, and does not require a judgment in personam. The lien may be enforced irrespective of whether there is any personal liability on the part of the owner." In this connection, see also Ehlers v. Elder, 1875, 51 Miss. 495; 36 Am. Jur., Mechanics' Liens, Sec. 282-283; Ibid, 1951 Supplement, Sec. 282.1; Anno., 147 A. L. R. 1099.

In addition to Fullilove's account for repairs on the truck and for the tires and tubes, he also had with appellant an oil and gas account. At various times Fullilove paid appellant money to apply on his debts, but according to his own testimony, when he made the several payments he did not direct on what account they should be applied by appellant. He said that when he made a payment, "I intended for the payment to go on the whole works. I was making payment to pay the whole thing out—not any particular debt. * * *" Appellees say that these payments should have been applied by the creditor, appellant, to Fullilove's account for tires, tubes, and repairs, and that if that had been done, those obligations serving as the basis of the claimed liens would have been eliminated; that under the doctrine of application of payments, payments should be applied for the benefit of the debtor, and that such an application would have been for Fullilove's benefit, as well as for that of appellees.

The general rule in Mississippi and elsewhere is stated in McLaughlin v. Green, 1873, 48 Miss. 175, at pages 204-205, as follows: "With respect to the appropriation of payments, there can be no doubt that the debtor has a right to direct the application, and in case he fails to do so, the creditor has a right to make the appropriation to any valid and subsisting claim that is due which he may hold against his debtor." Where the debtor does not direct the application, the creditor can make it. 40 Am. Jur., Payment, Secs. 108, 117-128; 70 C. J. S.,

Payment, Secs. 50, 57-67. Fullilove did not direct any application of the payments which he was making.

■■ We think that the record and pleadings show that the creditor, appellant, made an application of payments by Fullilove to the latter's oil and gas account, and that appellees in their answer conceded this. Fullilove, the debtor, admitted that he owed the claimed amount for repairs, tires, and tubes, so by necessary implication, he admitted appellant had applied correctly his prior payments on his oil and gas account. Moreover, appellees in their answer did not deny the correctness of the account, and thereby admitted that it was correct and owing, so they also impliedly admitted the propriety of the application of payments which had already been made by appellant. Miss. Laws 1950, Chap. 356, Sec. 1, amending Laws 1948, c. 230, Sec. 2(a) provides that "all matters of fact averred in the declaration and not denied by the answer may be taken at the hearing as admitted." Payment is an affirmative defense which must be affirmatively pleaded. 40 Am. Jur., Payment, Sec. 227; Sivley v. Williamson, 1916, 112 Miss. 276, 72 So. 1008. This was expressly so provided by the statute prior to 1948, Code of 1942, Sec. 1477, and under Laws of 1950, Chapter 356, such a plea must be set up in the answer. Appellees failed to plead any such payment and in fact did not deny Fullilove's debt to appellant, so the county court necessarily took at the hearing as admitted the existence of the debt.

An application of payment by a creditor may be made either expressly or by implication. 40 Am. Jur., Payment, Sec. 127. Hence 70 C. J. S., Payment, Sec. 65 states: "While a mere intention to appropriate, not evidenced by express declarations or acts, is not sufficient, an application of a payment by a creditor need not be by express declaration, but may be made by conduct or may be inferred from the circumstances. The performance by the creditor of some act showing an intention specifically to appropriate the payment to a particu-

lar debt is sufficient to constitute an application of the payment by him.''

The creditor has a reasonable time within which to exercise his privilege. 70 C. J. S., Payment, Sec. 66; 40 Am. Jur., Payment, Sec. 118. The last item on the account is dated August 28, 1950, and this action was filed on November 21, 1950. This interval would seem to be a reasonable time within which appellant could apply the payments. Many courts hold that the institution of the suit evidences the creditor's application of payments to items of the account other than those sued on. 40 Am. Jur., Payment, Sec. 118. However, we do not apply that rule here, but that circumstance is significant when considered along with the pleadings and Fullilove's testimony, which was uncontradicted. Appellant's declaration charged that the debts for the labor, materials, and tires and tubes, were unpaid, alleging the specific amounts due and owing. Defendant Fullilove filed no answer, and in his testimony admitted the debt. Appellee's answer did not deny those allegations, and that necessarily conceded the propriety of the application by appellant of payments made by Fullilove.

Certain of the items claimed by appellant as a basis of its mechanic's lien are not subject to such a lien under the statute. Prior decisions have established two principles in this regard. First, where the controversy is between the laborer and a prior lienor third party, who has repossessed the property, the mechanic's lien has priority over the mortgage-type of lien only if the repairs were reasonably necessary to preserve the property, to permit its ordinary operation, and to prevent its deterioration. Moorhead Motor Company v. H. D. Walker Auto Company, 1923, 133 Miss. 63, 97 So. 486; Hardy v. Watkins, 1928, 150 Miss. 861, 117 So. 255; Funchess v. Pennington, 1949, 205 Miss. 500, 39 So. (2d) 1; Eastex Finance Company v. Bryant, 1949, 207 Miss. 414, 42 So. (2d) 418. In the Moorhead case, and in J. A. Broom & Son v. S. S. Dale & Sons, 1915, 109 Miss. 52, 67

So. 659, L. R. A. 1915D, 1146, it was said that where such necessity exists, authorization by the owner to the possessor to have the repairs made will be implied, but more realistically the fact of a reasonable necessity creates a rule of substantive law, based upon a sense of fair play and justice, that the mechanic's lien should have priority.

A second established rule is that the mechanic's lien statute, Code Sec. 353, requires that a substantial part of such a claimed lien must be labor. It provides: "All carriages, buggies, wagons, plows, or any article constructed, manufactured or repaired for any person, and at his instance, shall be liable for the price of the labor and material employed in constructing, manufacturing, or repairing the same * * *." This interpretation was indicated in the Moorhead Motor Company case, supra. In Hardy v. Watkins, supra [150 Miss. 861, 117 So. 256], the plaintiff sought to impress a mechanic's lien upon an automobile for the price of four tires and tubes. It was held that the statutory lien existed only where labor and materials were employed, and that the mere fact that one of plaintiff's employees removed the old tires and replaced them with the new ones "did not convert Hardy from seller into mechanic engaged in repair of the car." In Deluxe Foods Corp. v. Johnson, Miss. 1937, 174 So. 245, 246, it was held that the trial court erred in allowing a mechanic's lien on the machinery, "one reason therefor being that the evidence does not disclose that physical toil was the main ingredient of the services rendered by the appellee." See also Funchess v. Pennington, supra. In Eastex Finance Company v. Bryant, supra [207 Miss. 414, 42 So. (2d) 419], it was held that a mechanic's lien did not lie for gas, oil, grease, brake fluid and wash jobs. It was said that "the Service Station could have no lien * * * for any accessories which were sold by the said Service Station in the regular course of business, and where no labor was both performed and charged for in the installation of such accessories in the 'repairing' of the automobile."

██ ██ The purchase money lien on the tires and tubes was properly allowed by the county court. However, certain charges allowed as the basis of the mechanic's lien were erroneously approved by the county court, others were properly allowed, under the above principles.

██ ██ The following items relate to the mechanic's lien:

Invoice No. 1421, for tuning motor, $6.00 for labor, $3.00 for parts, 18¢ sales tax, total $9.18, is allowable.

Invoice No. 1425, labor charge of $4.50 for installing vacuum horn, $22.50 for parts, and $1.04 for fittings, 56¢ for sales tax, total $28.60, is allowable.

Invoice No. 2186, for front crank shaft pulley, $21.00 with no labor charge, sales tax 42¢ total amount $21.42, is not allowable.

Invoice No. 1851, labor charge of $3.00 for repairing generator, $13.00 parts, 32¢ sales tax, total $16.32, is allowable.

Invoice No. 2237, total $1.30 for parts with no labor charge, is not allowable.

Invoice No. 2311, total amount $3.31 for parts, with no charge for labor is not allowable.

Invoice No. 2184, total amount $1.53 for adjusting brakes is allowable.

Invoice No. 2213, labor in replacing clutch, $26.10, parts $41.63, sales tax $1.36, total $69.09, is allowable.

Invoice No. 2429, in the amount of $49.88, for two wheels, with no labor charge, is not allowable.

Invoice No. 2461, oil gauge, $1.35, labor for installing it, $1.50, sales tax 6¢, total $2.91, is allowable.

Invoice No. 2578, labor in relining brakes, $18.00, parts $24.35, sales tax 85¢, total $43.20, is allowable.

Invoice No. 2479, charge of 31¢ for one bulb, is not allowable.

Invoice No. 2507, total amount $67.83, for two wheels and two rims, with no labor charge, is not allowable.

Invoice No. 2833, labor charge of $2.00 for welding plates, material charge of $1.10, 6¢ sales tax, total $3.16, is allowable.

For the above reasons, the judgment of the circuit court is reversed and judgment is rendered here for appellant, impressing a purchase money lien on the tires and tubes, and a mechanics' lien on the truck, in accordance with this opinion.

Reversed and judgment rendered for appellant in accordance with this opinion.

PER CURIAM.

The above opinion is adopted as the opinion of the Court and for the reasons therein indicated, the judgment of the court below is reversed and judgment rendered for appellant in accordance with this opinion.