# CASES ARGUED AND DETERMINED

### In The

# SUPREME COURT OF MISSISSIPPI

### AT THE

## MARCH TERM, 1921.

---

HOLLIS & RAY *v.* ISBELL.

[87 South. 273, No. 21626.]

BAILMENT. *Liens. All liens created by law or by contract; lien for repairs subject to prior known lien.*

All liens are created by law or by contract, and to establish a lien the contract must be made by the owner of the property upon which a lien is sought to be impressed. The contract may be expressed or implied. But, where a mechanic repairs property on which there exists a prior lien which he knows exists, his lien for repairs will be subject to the prior lien unless the facts show a waiver by the prior lien-holder, or an implied contract to subordinate his lien to that of the mechanic. *Broom* v. *Dale*, 109 Miss. 52, 67 So. 659, L. R. A. 1915D, 1146, distinguished.

APPEAL from circuit court of Copiah county.
HON. D. M. MILLER, Judge.

Suit by Hollis & Ray against J. M. Isbell. Judgment for plaintiffs before a justice of the peace was reversed on appeal, and plaintiffs appeal. Affirmed.

(799)

*R. N. Miller,* for appellant.

We contend that this case is controlled absolutely by the case of *J. A. Broom* v. *S. S. Dale & Son,* 109 Miss. 52, 67 So. 659. It will be noted that in the case at bar the holder of the vendor's lien, Wm. Atkinson & McDonald Company had no notice that the car had been taken to Hollis & Ray for repairs.

This is the precise point on which the court below fell into error. These repairs were necessary in order to keep the car going and its repair was both in the interest of the owner Isbell and of the holders of the lien of chattel mortgage, Wm. Atkinson & McDonald Company.

We insist that the case *supra* of *Broom* v. *Dale,* was decided not on the ground that the holders of the chattel mortgage had notice of the repairs being made, but on the ground that the mortgagee had intrusted to the mortgagor an auto, which to run, the court judicially knows must have repairs, and that the mortgagee impliedly authorized the mortgagor as his agent to have made, and that such repairs were contemplated in the contract of sale and in having the repairs made, the owner, Isbell was made agent of claimants to have these repairs made for the mutual benefit of both mortgagor and mortgagee, and in such case common justice, equity and the commercial necessities of the case as put by Chancellor Kent, give the laborer a prior lien for such repairs.

This is the holding in the case of *Broom* v. *Dale,* and it is inconceivable how any other interpretation can be put upon that decision. We ask in the interest of both the owner and the mortgagee is it not the best public policy to give the mechanic his prior lien for his necessary repairs? The case of *Broom* v. *Dale* settles this question and shows by elaborate authority that at common law and in a great many states the prior right of the mechanic is upheld.

The unfortunate reference in that case to the fact that among other reasons, the court referred to the fact that

the mortgagee had notice that the repairs were being made —was the thing that set the court below wild and made him overlook the whole reasoning of that very able opinion.

We submit, therefore, that this case, on the authority of that case, ought to be promptly reversed and Hollis & Ray given the judgment in the supreme court which they ought to have had here in the lower court. Reasoning is unnecessary; the way seems so clear that a circuit judge ought not to have erred therein.

*J. F. Guynes,* for. appellee.

This case involves the sole question of priority of liens in a contest between the repairman and the conditional vendor of personal property. The mechanic who repaired the car in controversy voluntarily afterwards parted with its possession delivering it to the conditional vendee, Isbell who less than six months beforehand had purchased it of appellee, Wm. Atkinson & McDonald Company, and given his purchase money note therefor in which said company expressly reserved the title till said note should be paid. This case is important more for the principle involved than for the amount of money in this particular case.

The conditional vendor with title reserved in the note for purchase money is the legal owner of the property, has the legal title, and to the amount of his claim, has a lien recognized by the common law and upheld by the courts of all the states. The following are some of the cases in our own state: *Duke* v. *Shaleford,* 56 Miss. 552; *McPherson* v. *Acme Lbr. Co.,* 70 Miss. 649; *Watts* v. *Ainsworth,* 89 Miss. 40, 42 So. 672; *Clearly* v. *Morson,* 94 Miss. 278, 48 So. 817; *Corinth English & Boiler Works* v. *M. C. R. R.,* 49 So. 261.

It is a fundamental principle of the law that no man's property shall be taken from him except by his consent, express or implied. This court in numerous cases including those *supra,* and the courts of other states as well,

124 Miss.—51.

have fully applied this principle to the protection of the lien of the conditional vendor, unless from the evidence it appears he has waived or forfeited his claim by some act that expressed or implied such consent. In the case of *Columbus Buggy Co.* v. *Turley*, 73 Miss. 529 and *Broom* v. *Dale*, 109 Miss. 52, hereinafter more fully discussed, we find instances where, by his own conduct, such consent is implied.

At common law the repairman's lien on personal property is based on and governed by the law of bailments, he being the bailee and the owner of said property repaired the bailor. Its a case of bailment for hire, for services to be performed on the property. The right of the bailee rests upon his contract, expressed or implied. All cases found anywhere hold that a contract is essential and a contract with the owner or his agent. While in a few cases of conditional sale or of chattel mortgage, the vendee or mortgagor in possession is held to be the implied agent, yet this is only where the conditional vendor or mortgagee knowingly permitting the vendee to have long continued use and possession together with use for the benefit of both and in case of conditional sales where the repairs are made with the knowledge of the vendor.

Most courts have put the chattel mortgage on the same basis as conditional sale. However few have gone further and after condition broken, have held the mortgagor in possession to have the implied permission to have necessary repairs made for the use and benefit of the mortgagor and mortgagee. In no court has the rule for conditional sales been thus applied, so far as I have found. Much confusion results from assuming the law to be always the same in both conditional sales and chattel mortgages. In the former no consent is implied except where the vendee has been in long continued use and the vendor knew that the repairs were being made, or does some act that estops him from denying his consent for the repairs to be made. Mere possession on the part of the vendee is not sufficient

to bind the vendor.    The repairman loses his lien for repairs by voluntarily parting with possession.

3.    A review of the cases found would be well.    Appellant relies upon that of *Broom* v. *Dale,* 109 Miss. 52.    In this case the distinction between the conditional sale and the chattel mortgage is not so clearly made in discussing the cases cited to support the decision.    However, all those cited in which the mechanic's lien is given priority were cases of chattel mortgages.    A proper conclusion was reached on the facts of that case though much was said that was mere *dictum.*    The facts of that case are briefly stated, thus, in the case at bar the automobile was in the possession of Mr. Polk, and being used by him with the knowledge and consent of appellees, which use continued for a long period of time.    Appellees not only knew and consented to the general use of the automobile by Mr. Polk but also had knowledge that, in the course of his use of the property, he was having it repaired.    Appellees, with this knowledge, made no objection to the repairs being made.

In summing up, the court further says, and from the making of such repairs with the knowledge of appellees we conclude that there was an implied authority and permission from appellees, etc.

In the Broom case, the vendee had been in possession for four years and long after the note was due.    In the case at bar, the vendee had been in possession less than four months, the note was not due, and the vendor did not know the repairs were being made.

The case of *Drummond Carriage Co.* v. *Mills,* 54 Neb. 417, which was cited in the Broom case is one of chattel mortgage.    The debt long past due, mortgagor had been permitted by the holder of the mortgage to have continued use of the vehicle for "a long period of time" and knew that the physician in possession had left it at the shop for repairs.    Another case was that of *Watts* v. *Sweeny,* 127 Ind. 116, 26 N. E. 680, this, too, being a case of chattel mortgage.    Here the engine and tender repaired had been left in the use and possession of the mortgagor for a long

period of time, and after the debt was due. This was held to give implied authority for the mortgagor to have the repairs made. In *Williams* v. *Allsup,* 10 C. B. 417, we find also a case of chattel mortgage. There are also many additional reasons growing out of commercial necessity, for instance, the ship being on its voyage and far removed from the holder of the mortgage, out of touch with him he was getting the earnings, none of which facts apply to the present case.

If we turn to other states, we find not one where the courts have given priority to the repairman over the conditional vendor, unless it be for reasons not present in the case at bar. The conditional vendor was held to have prior lien to that of the repairman in the following: *Shaw* v. *Webb,* 131 Tenn. 175, 174 S. W. 275; *Baughman Automobile Co.* v. *Emanuel,* 137 Ga. 354, 73 S. E. 511; *Loyd* v. *Kilpatrick,* 12 N. Y. S. 1095; *Alexander* v. *Mobile Auto-Co.* (Ala.), 76 So. 944; *J. C. Walden Auto. Co.* v. *Mixon,* (Ala.), 71 So. 694. The general rule as to priorities of the two lines is stated by Corpus Juris. (Vol. 6) p. 1138, thus:

"The common-law lien of a mechanic for repairs under special circumstances may be superior to prior existing liens on the property. Hence, where the mortgagor may be said to have express or implied authority from the mortgagee to procure repairs to be made on the mortgaged property, the common-law lien of the bailee for such repairs has priority over the mortgagee, and this rule has been extended to a seller taking purchase money notes in which title to the chattel is reserved; but in the absence of such authority a chattel mortgage, of which the bailee has notice, either actual or constructive, will prevail over the lien, for repairs. So, as a general rule, a prior chattel mortgage prevails over a statutory lien of a bailee with notice, but the lien of the bailee may be given priority by the terms of the statute. The lien of a conditional seller has been held prior to the lien of a mechanic for repairs thereon, and placing the chattel in the possession of the

conditional buyer cannot be considered as consent to the subordination of the title retained. See *Globe Works* v. *Wright,* 106 Mass. 207; *Dennison v. Shuler,* 47 Mich. 598, 11 N. W. 402; *Hampton* v. *Seible,* 58 Mo. 181; *Bissell* v. *Pearce,* 28 N. Y. 252; *Tucker* v. *Werner,* 2 Wisc. 103, 21 N. Y. S. 264; *McGehee* v. *Edwards,* 87 Tenn. 506, 11 S. W. 316; *Small* v. *Robinson,* 69 Me. 425, 31 Am. 299.

The case of *Orr* v. *Jitney Co.,* 115 Miss. 140, cited by appellant's attorney should not be considered authority on the issue now before the court for the reason the question of priority of the two liens was not raised and not presented by the otherwise very able brief submitted for appellant in that case. Said brief waived, or rather in that particular case conceded, the facts in that case did not support the contention being made here.

ETHRIDGE, J., delivered the opinion of the court.

Hollis & Ray instituted a proceeding to establish a mechanic's lien on an automobile which they had repaired for Isbell. Isbell had bought the automobile from Wm. Atkinson & McDonald Company, a corporation, who had retained title until the purchase money was paid. The suit originated in a justice of the peace court in which court there was a judgment holding the appellant's claim superior to that of Atkinson & McDonald Company, from which judgment an appeal was prosecuted to the circuit court, where there was a judgment holding that the lien of Atkinson & McDonald Company was superior to that of the appellant, from which judgment this appeal is prosecuted.

The case was tried in the circuit court on an agreed statement of facts before the circuit court without a jury. The agreed statement of facts reads as follows:

"In this case it is agreed between counsel to submit to the court, waiving a jury, the following facts:

"It is agreed that Atkinson & McDonald Company on March 22, 1919, sold and delivered to J. M. Isbell a Maxwell touring car for the sum of two hundred seventy-five

dollars and interest, for which amount they accepted his note, reserving to the said company title to the said car until the purchase money should be paid; that said note is filed herewith as Exhibit A hereto. On the ————— day of September, 1919, there was due on the said note a balance of two hundred fifteen dollars which fact that there was a balance due by Isbell on the car to claimant was fully known to Hollis & Ray, plaintiffs in the original suit.

"On the last date named, without the knowledge or consent of Wm. Atkinson & McDonald Company, the said Isbell took the automobile to Hollis & Ray for repairs and they repaired it at their garage. The amount due for said repairs amounted to fifty-one dollars. Before the said bill was paid they, Hollis & Ray, consented for the said Isbell to take possession of said car.

"On the ————— day of —————, 1920, the said bill for repairs being still due and unpaid, said Hollis & Ray filed their suit in the justice of the peace court to enforce their lien on said car for the said sum. The car was seized. Atkinson & McDonald Company before the trial filed their claimant's issue, claiming the title to said car by virtue of said note.

"At the trial Hollis & Ray obtained judgment for said amount of fifty-one dollars and for the sale of said car for which to pay the said amount. On trial of claimant's issue the said lien of Hollis & Ray was held to be paramount to the claim of title of Atkinson & McDonald Company. Whereupon said company appealed to the circuit court."

The appellant relies upon the case of *Broom* v. *Dale,* 109 Miss. 52, 67 So. 659, L. R. A. 1915D, 1146, in which this court held that where a vendor reserving title to secure the purchase money had knowledge that a car sold with title retained was being repaired by a mechanic, and made no objection thereto, the mechanic's lien was superior to that of the vendor. The appellant also relied on the case of *Orr* v. *Jitney Co.,* 115 Miss. 140, 75 So. 945. In the

*Broom Case, supra,* a ground of liability rests upon the proposition that the vendor had knowledge and impliedly consented to the repair of the car, and that the repair resulted to his benefit as well as to the benefit of the vendee. In the case before us the vendor had no knowledge whatever that repairs were being made or were to be made until after their completion. There is nothing in the record to show that the repairs increased the value of the car over and above its value at the time of the sale.

The appellant also argues that the principle of commercial necessity enters into this case, and for that reason a mechanic's lien should be superior to the vendor's lien or the vendor's title, even though the mechanic had knowledge of the seller's rights.

In 3 R. C. L. 133, section 55, it is stated:

"All liens are created by law or by contract of the parties. Hence, while ordinarily a bailee has a lien on a chattel where by the bestowal of skill and labor he has enhanced its value, such a lien arises from his employment to render the services, and, as a lien is in effect a proprietary interest or qualified ownership, it follows that the employment must be by the owner whose property is to be affected by the lien, or by his consent, express or implied; otherwise the bailee has no lien, and the true owner on demand is entitled to a delivery thereof without satisfying any charges which may hace accrued in favor of the bailee against his bailor."

The general rule of priority is that one acquiring a right with knowledge of a prior right acquires subject to the prior right, and this rule will be enforced unless circumstances are such that an agreement to the contrary may be implied on the part of the holder of the prior right. In many cases the circumstances warrant the court in holding from the circumstances that the prior lienholder has waived his lien or agreed to subordinate it to that of the

subsequent lienholder, and that was the foundation upon which the case of *Broom* v. *Dale* rested. In the present case it was agreed in the agreed statement of facts above set out that the seller had no knowledge of the transaction between the mechanic and his vendee, but shows, on the contrary, that the mechanic had full knowledge of the seller's right. This being true, he must have contracted upon the faith of the credit of the vendee and such right as the vendee had in the property repaired. There are no circumstances in this record sufficient to warrant us in applying the doctrine of *Broom* v. *Dale, supra,* to this case. There is a clear distinction between this case and that one.

The learned court below decided in accordance with this opinion, and the judgment is affirmed.

*Affirmed.*