McCoy et al. v. Tolar.

[90 South. 628, No. 22424.]

1. AGRICULTURE. *In enforcement of laborer's lien against seed, giving judgment against replevin bond without proof of value of seed, error.*

Under sections 3042, 3044, 3049, Code of 1906 (sections 2400, 2402, 2407, Hemingway's Code), it was error to render judgment against replevin bond for seed, where their seizure, value, and liability is not shown by laborer seeking to enforce lien against the seed.

2. AGRICULTURE. *Laborer's lien is enforceable by personal judgment against employer notwithstanding failure against seized property.*

In such suits the procedure is like replevin cases, but personal judgment against the employer may be rendered for amount due laborer, notwithstanding a failure against the seized property.

3. Appeal and Error. *Supreme court will render 'such judgment as lower court should have rendered on proof and verdict.*

This court will render such judgment as the lower court should have rendered on the proof and verdict of the jury.

Appeal from circuit court of Humphreys county.

Hon. S. F. Davis, Judge.

Suit by L. W. Tolar against R. J. McCoy and others. Judgment for plaintiff, and defendants appeal. Reversed, and judgment rendered.

*Jesse D. Jones,* for appellants.

*Montgomery & Montgomery,* for appellee.

Holden, J., delivered the opinion of the court.

The appellee, Tolar, filed suit against the appellant, McCoy, for labor performed, and also claiming a lien upon twenty-five tons of cotton seed belonging to appellant McCoy, employer, which was levied upon under sections 3042, 3044, and 3049, Code of 1906 (sections 2400, 2402, and 2407, Hemingway's Code.) From a judgment for three hundred and sixty dollars the employer, McCoy appeals.

The suit to enforce the laborer's lien against the employer was started under the statute by levying upon the twenty-five tons of cotton seed. Bond was given by appellant McCoy for the seed; at the trial the appellee, Tolar, failed to introduce any evidence showing the levy or value of the seed, or that the seed was liable to the employer's lien. The testimony did show, however, that the appellant was indebted to the appellee, by contract for his labor, in the sum of three hundred and sixty dollars, for which amount the jury gave a verdict for appellee against the appellant McCoy and his bondsmen on the replevin bond.

The main contention of the appellant is that the judgment rendered against appellant and his bondsmen on the replevin bond is erroneous because there was a failure to

prove the levy on the seed, the value thereof, or that there was a lien upon the seed for labor performed by the appellee. It seems clear to us that the judgment is erroneous as against the bondsmen, because it was not shown that the cotton seed was subject to the lien sought to be enforced by the appellee, nor the value or levy; and to this extent the judgment must be annulled. But the personal judgment for three hundred and sixty dollars against the appellant McCoy is sustained by the evidence in the case, and the jury was warranted in so finding, and the liability of appellant *in personam* for the amount awarded by the jury is justified under the statute (section 3049, Code of 1906; section 2407, Hemingway's Code), and will be upheld.

This latter section provides a remedy both *in rem* and *in personam;* and, while such actions are to be proceeded with like those of replevin, yet the laborer has a right to recover a personal judgment, as well as a judgment against the property seized. In this respect it goes farther than a judgment in replevin.

The appellee confesses here that the judgment against the bondsmen on the replevin bond for the seed is improper bcause of the failure to show the levy upon the seed, valuation, and liability, but insists that the personal judgment against the appellee is correct, and that a reversal should only go to a new trial on a writ of inquiry as to the value and liability of the seed.

We agree with counsel for the appellee to the extent only that the personal judgment for three hundred and sixty dollars against the appellant is correct; but, as to a reversal for a writ of inquiry as to the seed, we disagree, because the failure to make the proper proof in this regard in the lower court was the fault of the appellee, and we see no reason for varying the rule that a litigant who fails to make essential proof shall not have "two bites at the apple."

In view of the above conclusions we hold that on the proof and verdict below, the court should have rendered

a personal judgment against the appellant for the sum of three hundred and sixty dollars and costs, and dismissed the bondsmen on the replevin bond for the seed.   Therefore we shall render the judgment here that should have been rendered by the lower court.

*Reversed and judgment here.*