# SUPREME COURT OF MISSISSIPPI

AT THE

SEPTEMBER TERM, 1923.

MOORHEAD MOTOR CO. *v.* H. D. WALKER AUTO CO.

(Division A. Sept. 24, 1923.)

[97 South. 486. No. 23296.]

1. LIVERY STABLE AND GARAGE KEEPERS. *Repair lien on automobile inferior to rights of a seller with title retained, unless repairs shown reasonably necessary to preserve property and permit its operation.*

Under section 3075, Code of 1906 (section 2435, Hemingway's Code), the seller of an automobile with title retained has superior rights over a mechanic's lien for repairs of car at the instance of the purchaser in possession, unless repairs are reasonably necessary to preserve the property, permit its operation, and prevent deterioration. Under such necessitous circumstances, authority of the owner to repair will be implied.

APPEAL from circuit court of Sunflower county.
HON. S. F. DAVIS, Judge.

Suit by the H. D. Walker Auto Company against the Moorhead Motor Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*B. B. Allen,* for appellant.

Appellee, plaintiff below, relies on section 2436 of Hemingway's Code, being the statute on purchase money liens, for a recovery in this case.

(63)

The basis of appellant's claim is the chapter on Mechanics' & Materialmen's lien as set out in the Code of Mississippi, and more especially on section 2435 of Hemingway's Code. Above section does not declare that a mechanic's lien shall in any event lose any of its dignity or revert to the same *status* as a purchase money lien, but merely provides a method of its enforcement. See *Broom* v. *Dale,* 67 So. 659; *Powell* v. *Smith,* 74 Miss. 142, 20 So. 872; *FitzGerald* v. *American Mfg. Co.,* 75 So. 440.

Appellee admits that he did not record his retention of title contract and that the appellant did not know of the existence of appellee's lien or claim, but that the work was done and the materials furnished by the appellant in good faith. And this brings the case squarely within the *Broom* v. *Dale case,* and even under *Hollis* v. *Isbell,* 124 Miss. 799, 87 So. 273, which would entitle appellant to recovery for the amount of his claim.

When this property passed into the hands of an innocent purchaser (as in this case), appellee lost its lien. The lien of a mechanic for his repairs is not created by statute, but is as old as the common law, and whenever a statute has been passed the legislature did so to aid the unlearned mass of men who are dependent on the "sweat of their brows" for a livlihood; and it passed such laws as would better secure and protect his lien, and to simplify the method of its enforcement. 3 R. C. L. 134, section 56; *Ruppert* v. *Zang,* 73 N. J. L. 216; *Hammond* v. *Danielson,* 126 Mass. 294; *Drummond Carriage Co.* v. *Mills,* 54 Neb. 417, 74 N. W. 966; Am. St. Rep. 719; 40 L. R. A. 761; *White* v. *Smith,* 44 N. J. L. 105, 43 Am. Rep. 347; *Williams* v. *Allsup,* 10 C. B. 417; *Scott* v. *De la Hunt,* 5 Lans. (N. Y.) 372. The following citations are in support in whole or in part of our contentions: *Roberts* v. *Bank of Toronto,* 25 Ont. Rep. 194; *Loss* v. *Fry,* 1 N. Y. City Ct. Rep. 7; *Watts* v. *Sweeny,* 127 Ind. 116, 22 A. S. R. 615, 26 N. E. 680; *Kirtley* v. *Morris,* 43 Mo. App. 144; *Drummond Carriage Co.* v. *Morris,* 54 Neb. 417, 69 A. S. R. 719, 40 L. R. A. 761; *Tucker* v. *Werner,* 2 Misc. 193,

21 N. Y. Supp. 164; *Allred* v. *Haile,* 84 Ga. 570, 10 S. E. 1095; *Carr* v. *Clements,* 4 N. D. 562, 62 N. W. 640; *Monthly Installment Loan Co.* v. *Skellett Co.,* 124 Minn. 144, 144 N. W. 750; *Weber Imp. Co.* v. *Pearson* (Ark.), 200 S. W. 273; L. R. A. 1918 B, 327; *Shelton* v. *Little Rock Auto Co.,* 103 Ark. 142, 146 S. W. 129; *Gardner* v. *First National Bank,* 122 Ark. 464, 184 S. W. 51; *Mortgage Security Co.* v. *Pfaffman* (Calif.), 169 Pac. 1033, L. R. A. 1918 B, 118; *Jackson* v. *Cummins,* 5 Mees. & W. 342; 2 Eng. Rul. Cas. 548; *Jesse A. Smith Auto Co.* v. *Kaestner,* 164 Wis. 205, 159 N. W. 738.

In conclusion, we respectfully submit that the claimant acquired, under the statute, an absolute lien for the amount of his labor and materials fairly expended in the repair of the automobile in controversy; that the lien was not lost by any action on the part of appellant, claimant below; and the only evidence submitted to the trial court as to the nature and value of the services rendered being the affidavit of claim of the appellant, it is entitled to a judgment for the full amount of its said claim, with interest.

*Osborn & Witty,* for appellee.

APPELLANT WAS NOT ENTITLED TO A LIEN FOR THE ITEMS OR ARTICLES SPECIFICALLY DESCRIBED IN THE AGREED STATEMENT OF FACTS, AND HEREINAFTER DESCRIBED, WHICH CONSTITUTED ALL OF APPELLANT'S CLAIM WITH THE EXCEPTION OF SIX DOLLARS AND EIGHTY CENTS. Section 2435 of Hemingway's Code. Our contention is that the above quoted statute does not contemplate a lien in favor of the appellant for the items here enumerated. It is simply a case of the ordinary sale of personal property.

To hold that a mechanic who chances to be in the automobile supply business would be entitled to a mechanic's lien for all supplies sold to owners of automobiles would be unfair, and would result in giving him a greater right than is given any vendor of personal property. *Weber*

*Implement & Automobile Co.* v. *Pearson,* 200 S. W. 273
(Ark.) ; *Gardner* v. *Le Fevre,* 180 Mich. 218, 146 N. W.
653 ; *Orr* v. *Jackson Jitney Company,* 115 Miss. 140, 75
So. 945.

THE' LIEN OF A MECHANIC FOR REPAIRS ON AN AUTOMO-
BILE IS JUNIOR AND SUBORDINATE TO THE LIEN OF THE
CONDITIONAL VENDOR OF THE AUTOMOBILE. This point is
settled by this court in *Hollis* v. *Isbell,* 124 Miss. 799,
87 So. 273, 20 A. L. R. 244. Prior to the decisions of this
court in the last-mentioned case, because of certain dicta
or suggestions thrown out by Judge REED in rendering
the opinion in the case of *Broom* v. *Dale,* 67 So. 659, 109
Miss. 52; L. R. A. 1915 D, 1146, it was feared by people
interested in the automobile business that this court would
hold the mechanics lien to be superior to that of the ven-
dor in the conditional sales contract, regardless of wheth-
er the repairs were done by the mechanic with or with-
out the knowledge of the vendor in the conditional sales
contract. *Walden Auto Co.* v. *Mixon* (Ala.), 71 So. 694;
*Shaw* v. *Webb* (Tenn.), L. R. A. 1915 D, 1141, Ann. Cas.
1916A, 626. See exhaustive note to the Shaw case as re-
ported in Ann. Cas. 1916 A, 626. See also *Mercer* v.
*Garage & Auto Sales Co.,* 88 W. Va. 92, 106 S. E. 425, 20
A. L. R. 246, and note on page 249; *Baughman Automobile
Co.* v. *Emanuel,* 137 Ga. 354, 73 S. E. 511; 38 L. R. A.
(N. S.) 97; *Atlas Securities Co.* v. *Graves,* 137 N. E.
(Ind.) 570, 25 Cyc. 678.

In no event should the appellant have a lien for the
articles hereinabove specifically numerated, the princi-
cipal items of which are for the purpose of casings and
inner tubes which were placed on the vendee's automobile
without any extra charge; and second, even should the
court hold that he has a lien for said items, nevertheless,
his lien as to said items, and all other items of his account,
are subordinate to the lien of appellee, the' vendor in the
conditional sales contract, because the repairs were made
and materials furnished to the vendee by appellant with-
out appellee's knowledge or consent; and for the further

reason that the record does not show that the labor and materials were necessary for the preservation of the car, and does not show that such labor and materials enhanced the value of the car.

*B. B. Allen,* for appellant in reply.

In 18 R. C. L., p. 914, in speaking of what constituted a repair, and as distinguishing repairs and additions from extra parts, the author had this to say: "The character of newness in the main mass of the completed structure seems to be the criterion for distinguishing an erection from a repair or alteration." Now, as to the casings, inner-tubes, and boots for casings, they constitute, in my humble opinion, as much a part of the car as a wheel; for to undertake to run a car without casings on, would destroy the wheels, and immediately prevent the further usage of the car.

The law gives to the mechanic a paramount lien on the general mass of the car for such repairs and materials expended thereon. In *Gardner* v. *Le Ferre,* 180 Mich. 219, cited by appellee, we have the case of an extra casing strappd on the side of the car, which, of course, under no view of the case would give the mechanic a lien on the car for the unpaid purchase price of the casing. *Blackwood* v. *Auto Co.,* 133 Tenn. 515, cited by appellee, correctly announced the law when it said that tires fitted to an automobile, as was done in this case, passed to the vendor of the automobile when reclaimed for non-payment of purchase price. This is true because of the fact that tires are a necessary part of the automobile, and like its engine, radiator, generator, battery, wheels, top, seats, etc., go to make up a complete car, and pass with the general mass of the structure or chattel. Even though the Hollis case where the law of this state, yet even under it, we are entitled to a paramount lien to that of the appelee because we had no notice of the existence of such right or lien when we did the work on appellee's car and

thereby acquired an interest in same. Appellee had clothed the said Seale with the indicia of ownership, and Seale had, so far as the world was concerned, not only possession of the car, but full ownership of same, and was charged with the duty of keeping the same in repair, and appellant was justified in relying on this presumption in believing that said Seale had a right to have this work done.

Counsel attempts to raise here for the first time, the question of "necessary" repairs; the question was not raised by the pleadings or the oral argument, or in any manner in the lower court, and is not a proper question, we take it, to be raised here for the first time. But we find that the question of "necessary" repairs is a broad one, and as defined by this court in the case of *Railroad* v. *Odeneal,* 73 Miss. 34, 19 So. 202, "The word 'necessary' means not 'indispensible,' but 'reasonably convenient,' and goes on to say that it means anything that is done to add to the further enjoyment of the thing." See also 43 Ill. 307; 150 U. S. 1. The word "repairs" imports necessary repairs; 2 Bouvier's Law Dictionary, 881; 23 Ind. 281; 2 N. Y., page 93; 63 Pa. 162.

HOLDEN, J., delivered the opinion of the court.

The appellee, Walker Auto Company, filed this suit of replevin to recover possession of a certain automobile which had been sold and delivered to one Seale, under a retention of title contract; the seller, Walker Auto Company, retaining ownership with the right to possession of the car in the event of default in the payment of the balance of the purchase money. Default having been made in the payment of the balance of the purchase money, appellees replevied the car, whereupon the appellant, Moorhead Motor Company, intervened as claimant for certain repairs made on the car, at the instance of the purchaser, Seale, and for which a mechanic's lien was claimed. Upon the issue between the claimant and the successful plaintiff, the latter relied upon its retained title in the car, and

the former company relied upon ·its mechanic's lien for repairs made upon the car. There was a judgment in favor of the appellee, Walker Auto Company, the owner of the title, and the Moorhead Company appeals to this court.

The sole question in the case is whether the mechanic's lien for repairs upon the car is superior to the title of the seller in the conditional contract of sale. The undisputed facts being that the seller, with retained title, did not authorize nor consent to the repairs, either expressly or impliedly, nor did it have any knowledge of such repairs. It is also true that the mechanic who made the repairs did not actually know that the title of the car was in the seller appellee, Walker Company.

There is another important point raised in the case, which we think, however, is unnecessary to decide, and that is whether or not the articles or items which are claimed to have been furnished as repairs are in fact repairs upon the car, or whether the articles are not to be considered merely as articles purchased for an automobile. A list of these items will appear herein later on. We shall not decide this question because the case will be settled upon another point, though it bears indirectly on the main question.

It becomes necessary to set out the agreed statement of facts between the parties, because after a perusal of the statement of facts it will not be difficult, we think, to decide the case in the light of the rule announced in former cases by this court. The agreed statement of facts is as follows:

"It is agreed by and between the parties hereto that the above-styled cause may be tried by presiding judge without intervention of a jury upon the following agreed statement of facts, to-wit:

"On March 20, 1920, the plaintiff, H. D. Walker Auto Company, sold and delivered to the defendant, A. L. Seale, for his use, one Buick automobile, described in the writ of replevin herein, for the sum of one thousand, seven hun-

dred and sixty-one dollars, and fifty cents, of which amount the defendant Seale paid in cash eight hundred and eighty dollars and seventy-five cents and on said date executed an delivered to said plaintiff his promissory title retention note for the sum of eight hundred and eighty dollars and seventy-five cents, which note was due seven months after date, and bore interest at the rate of six per cent. per annum from date until paid, and providing for the payment of a reasonable attorney's fee, if placed in the hands of an attorney for collection after maturity.

"Plaintiff, H. D. Walker Auto Company, retained the title in said contract of sale until said note was paid in full. Plaintiff did not record the conditional sale contract on the records of Sunflower county, Miss., in which county the defendant, A. L. Seale, resided at the time of said purchase. The plaintiff, H. D. Walker Auto Company, has its place of business in the city of Greenwood, Miss., at which place said sale was made.

"The said A. L. Seale, defendant, made default in the payment of said note, and on November 24, 1920, the plaintiff sued out a writ of replevin in said court against the defendant for said automobile, returnable to the March, 1921, term of said court.

"The claimant, Moorhead Motor Company, in due time filed its claimant's affidavit, claiming a mechanic's lien on said car, as shown by itemized statement attached to said claimant's affidavit, filed in this cause in the amount of two hundred, thirty-nine dollars and thirteen cents.

"The defendant, Seale, made no defense against said action, and judgment was accordingly rendered against him and the sureties on his replevin bond in favor of the plaintiff. As shown by claimant's itemized statement of bill of particulars, certain parts of said account on which claimant seeks to enforce his mechanic's lien are for items sold the defendant, A. L. Seale, and placed on said automobile by claimant without charge for such service, and used by defendant on his automobile, to-wit, the automobile in controversy, and the plaintiff contends that the

claimant has no mechanic's lien whatever for the following items, to-wit:

| | | |
|---|---|---:|
| April 8. | Three shots grease | $ .30 |
| 6—25. | Car washed | 1.50 |
| 7—19. | Greasing car | 1.50 |
| 7—9. | Three pounds grease | 1.00 |
| 7—9. | Four shots grease | .60 |
| April 21. | One 33x4 Hartford casing (or tire) | 30.70 |
| April 21. | One 33x4 Hartford tube | 4.96 |
| April 22. | Car washed | 1.50 |
| April 22. | One pair pliers | .50 |
| August 4. | Eight quarts Cyl. oil | 2.80 |
| August 4. | Two gal. kerosene | .60 |
| August 23. | Charging battery | 2:00 |
| August 23. | Three tire changes | 3.00 |
| August 25. | Two 33x4 Miller casings | 81.76 |
| August 25. | Two 33x4 Hartford casings | 77.76 |
| August 31. | Three tire changes | 3.00 |
| August 31. | One boot | 1.00 |
| September 7. | Drain oil and 7 quarts Cyl. oil | 2.80 |
| September 7. | One gal. coal oil | .30 |
| September 9. | Changing tire | 1.00 |
| September 13. | Grease | 1.50 |
| September 13. | Draining oil | .75 |
| October 8. | Changing tire | 1.00 |
| October 9. | Changing tire | 1.00 |
| October 14. | Changing tire | 1.00 |
| October 15. | Changing tire | 1.00 |
| October 15. | One tube | 4.50 |
| October 27. | Changing tire | 1.00 |
| October 26. | Changing tire | 1.00 |
| November 6. | Changing tire | 1.00 |

"The claimant contends that he is entitled to a mechanic's paramount lien for said items hereinabove set out, as well as other items attached to claimant's affidavit.

"The plaintiff contends that the claimant is not entitled to any lien whatever, superior and paramount to plaintiff's lien, for the purchase money as evidenced by

the retention of title contract for any of the items listed in said account, and more especially for the items hereinabove enumerated.

"It is agreed at the time claimant sold the materials mentioned in said account to defendant, and performed the labors mentioned in said account, that the plaintiff did not know that said work was being done, or materials being furnished, and on said date the claimant did not know or had no actual knowledge of the existence of said retention of title contract, or that the said plaintiff had any claim whatever on said automobile.

"The defendant, Seale, has not paid the balance due on said automobile to plaintiff, nor has he paid the mechanic's lien.

"It is agreed that all the items described in said account filed by claimant are correct.

"By agreement heretofore entered into between plaintiff and claimant, possession of said automobile was given plaintiff to be disposed of by plaintiff, and it is hereby agreed that should the court decide that claimant is entitled to recover against plaintiff—that is to say, that he has a lien prior and paramount to the plaintiff's lien, or retention of title contract—then a personal judgment may be entered against plaintiff for the amount found to be due claimant, for which he is entitled to a lien on said automobile.

"The question submitted to the court is: Whose lien takes priority, and, if the claimant has a lien, in what amount?"

It will be observed that the articles or alleged repairs named in the list which were furnished and used upon the car were not shown to be reasonably necessary for its preservation and operation, and to prevent deterioration. We find no proof or contention that the alleged repairs were necessary to preserve the property, as was true in the case of *Broom* v. *Dale,* 109 Miss. 52, 67 So. 659, L. R. A. 1915D, 1146. Nor do the facts show the instant case to be like the Broom case, in which the seller, with re-

tained title, actually knew the repairs were being made by the mechanic, whereas, in the case before us, the seller had no knowledge of the repairs by the mechanic.

The rule announced in *Hollis* v. *Isbell,* 124 Miss. 799, 87 So. 273, 20 A. L. R. 244, has not escaped our attention. However, we do not understand the owner of personal property is required to give notice to innocent purchasers or mechanic's lien men. The rule of *caveat emptor* as to the ownership and recovery of personal property has long prevailed in this state; so it would make no difference whether the mechanic knew or did not know that the title to the car was in some other person than the one in possession when the repairs were made. *Harrison* v. *Broadway Motor Co.,* 128 Miss. 766, 91 So. 453; *U. S. Motor Truck Co.* v. *Southern Securities Co.,* 131 Miss. 664, 95 So. 639.

Nor does it make any difference whether the owner knew that the repairs were being made on the car, if he authorized them either expressly or impliedly; nor would knowledge be essential, where the repairs were rasonably necessary to preserve the property and permit its ordinary operation, and prevent deterioration. Under these circumstances of necessity, authority of the owner to repair would be implied. This was the rule laid down in the Broom case; but no such necessity was shown in the Hollis case.

Therefore, in view of the facts in the case before us, and following the rule laid down in the Broom case, we think the instant judgment should be affirmed, rejecting the claim of the mechanic and upholding the claim of the owners, because the case does not fall within the rule of *Broom* v. *Dale.* The rule that the owner is not liable for repairs to personal property, unless expressly or impliedly authorized, applies here. *Miller* v. *Fisher,* 116 Miss. 350, 77 So. 151.

*Affirmed.*