## DUDLEY et al. v. WALTMAN.

(Division B. Feb. 3, 1930. Suggestion of Error Overruled, Mar. 3, 1930.)

[126 So. 1. No. 28293.]

484

Colbert Dudley, of Forest, for appellants.

Percy M. Lee, of Forest, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

E. G. Waltman filed a suit in a justice of the peace court against C. P. Metcalf and Mrs. C. P. Metcalf for one hundred fifteen dollars and ninety-five cents, claimed to be due for work done upon a sawmill outfit and trucks used in connection therewith. The petition prayed for judgment and a lien upon the property described to satisfy the same. There was a judgment in the justice of the peace court in favor of Waltman which adjudged one hundred fifteen dollars and ninety-five cents, to be due, and declared a mechanic's lien upon the property described, and directed that it be sold to satisfy the judgment. From this judgment C. P. Metcalf filed an appeal to the circuit court with Dudley and another as surety on the appeal bond; Mrs. Metcalf did not join in the appeal. In the circuit court there was judgment for Waltman, also, being a simple judgment against Metcalf and the sureties on his bond, but not condemning the property to be sold to pay the debt.

Section 2604, Code of 1927, section 3075, Code of 1906, provides, among other things, that if the claim of mechanics and materialmen is not paid within thirty days the claimant may commence a suit in any court of competent jurisdiction, and shall be entitled to judgment against the party for whom such labor was done or material furnished, with costs, as in other cases, and to a special order for the sale of the property retained in his possession for the payment thereof, with costs, and to an execution, as in other cases. If the mechanic parts with possession, he shall retain his lien as is provided in cases of lien for purchase money of goods, and may be enforced in like manner.

Section 2607, Hemingway's 1927 Code, section 3081, Code of 1906, provides for the enforcement of the lien for purchase money, and concludes, "if the plaintiff

prove his debt, but fail to establish the lien on the property, he shall have judgment only for the debt, and shall pay all costs incident to the seizure of the property.''

Just why the judgment was not taken to condemn the property is not apparent on record, as it appears that the party had the lien and would have been entitled thereto, but the plaintiff elected to take judgment on the appeal bond, which is provided for in section 63 of Hemingway's 1927 Code, Laws of 1912, chapter 203; this section provides in substance for an appeal bond in the penalty of double the amount of the judgment or the value of the property involved and all costs accrued and likely to accrue in the case; and section 66, Hemingway's 1927 Code, section 86, Code of 1906, provides, among other things, that if the defendant be the appellant, and judgment be rendered for the plaintiff in the original suit for a sum equal to or greater than he recovered before the justice of the peace, ten per centum damages upon the amount shall be included in the judgment against the bond and sureties.

It appears that when the defendant appealed from the judgment he obtained a supersedeas that the sureties became liable for the debt, costs, and damages, regardless of whether or not the lien was taken in the judgment. The provision in the statute that in the failure to establish the lien the seizor shall pay the costs of that proceeding so far as the seizure is concerned does not prevent the bond, when given on appeal, from operating to cover all liability established. The only way it could be taken advantage of on appeal is to have a motion made to tax the costs so as to cover that part of the statute. We are of the opinion that the court below was correct in its judgment, and same will be affirmed.

Affirmed.