DE VAN MOTOR CO. *v.* BAILEY.

(Division A.   Dec. 14, 1936.   Suggestion of Error Overruled Jan. 11, 1937.)

[171 So. 342.   No. 32421.]

**J. W. Backstrom**, of Leakesville, for appellant.

**Moss & Moss,** of Lucedale, for appellee.

**McGowen, J.,** delivered the opinion of the court.

In a justice of the peace court, the appellee, R. G. Bailey, instituted a proceeding to enforce a mechanic and materialman's lien on a certain motortruck, for repairs done, and materials furnished in the repair of said truck, at the instance of Murray Byrd, amounting to fifty-three dollars and forty-six cents. A writ of seizure was executed and levied upon the truck in question, and W. M. Byrd was summoned as a defendant. Upon the seizure of the truck by the officer, the De Van Motor Company claimed it, executed a forthcoming bond, and filed its affidavit claiming to be the owner in possession of the truck as vendor under a conditional sales contract, dated November 15, 1934, with retention of title, executed to it by W. M. Byrd. The sheriff, in his return, did not value the truck.

On the trial before the justice of the peace, a judgment was rendered against Murray Byrd, the De Van Motor Company, and the sureties on the forthcoming bond, for the amount of the debt, in favor of R. G. Bailey. From the judgment of the justice of the peace, the De Van Motor Company appealed to the circuit court, where there was a trial de novo, and at the conclusion of all the evidence, the court peremptorily instructed the jury to find for the plaintiff, Bailey, for the amount of the account, and judgment was entered against Murray Byrd, the De Van Motor Company, and the sureties on the latter's bond, with interest and ten per cent. damages. From that judgment the De Van Motor Company appeals.

The account filed by Bailey was against Murray Byrd for repairs and materials furnished at his instance, which appeared to have been of such a nature as would be necessary for the operation of the truck, and to prevent its deterioration. Bailey testified that, at the time of these repairs, the truck was in the possession of Murray Byrd by virtue of a contract of sale between Murray Byrd and W. M. Byrd, and that the repairs were necessary to preserve the property, permit its operation, and to prevent its deterioration. Bailey knew that the De Van Motor Company had sold the truck to W. M. Byrd under a conditional sales contract, with retention of title, and that the purchase price had not been paid; and that said motor company did not know of the sale thereof by W. M. Byrd to Murray Byrd. Its debt not having been paid by W. M. Byrd, the motor company repossessed the truck subsequent to the date of the repairs, and then resold it to Murray Byrd, retaining title for the purchase money. Murray Byrd having failed to pay, the motor company again repossessed the truck, holding it, as the owner thereof, at the time of its seizure by the sheriff. The motor company had no knowledge of nor did it give its actual consent for the repairs to be made. The conditional sales contracts, executed at different

times in favor of the motor company, show clearly that it was intended by both the purchasers and the seller that the truck should be operated while in the hands of the purchasers.

The proceeding to enforce a materialman's lien is authorized by sections 2255-2257, Code 1930. Section 2257 declares a lien on personal property out of possession of the materialman, or its enforcement in the same manner as a purchase-money lien on personal property found in section 2239, and subsequent sections in the Code of 1930.

Appellant, the De Van Motor Company, seeks a reversal of this case upon two grounds:

1. That Bailey, the mechanic and materialman, had no lien upon the truck for the reason that the repairs thereon were made by him, without the knowledge of the appellant, with actual knowledge of the existence of the vendor's lien, with retention of title, on the property, and,

2. That the judgment rendered by the circuit court was erroneous in that it was against it and the sureties on its appeal bond, for the debt.

The question presented to us is: Which of the two validly executed liens has priority, the vendor's lien as set forth being prior in time, and the subsequent lien of the mechanic and materialman with actual knowledge of the prior lien?

We think this case is controlled in principle by the case of Broom & Son v. Dale & Sons, 109 Miss. 52, 67 So. 659, L. R. A. 1915D, 1146. In the case at bar, it is unquestioned that the repairs made were such as were necessary to preserve the truck, prevent its deterioration, and keep it in a condition for its operation. In the Broom case, supra, it was declared by the court that, where a chattel was intrusted to a buyer, for his use, by a vendor, and it became necessary, in order that it might be operated and deterioration prevented, to make certain repairs, a lien for such repairs was paramount to that of a vendor who had retained title, for the reason

that the law implies the vendor's consent to permit the vendee to cause such necessary repairs to be made. In the Broom case supra, the court was at great pains to demonstrate, by authorities, this principle of law. It is true, in that case, the court stated that the repairs made therein were within the actual knowledge of the vendor. We are of opinion that all subsequent cases have, in effect, reannounced the doctrine there established.

In the case of Moorhead Motor Co. v. H. D. Walker Auto Co., 133 Miss. 63, 97 So. 486, 487, this court said that: "The rule of caveat emptor as to the ownership and recovery of personal property has long prevailed in this state; so it would make no difference whether the mechanic knew or did not know that the title to the *car was in some other person than the one in possession when the repairs were made*. Harrison v. Broadway Motor Co., 128 Miss. 766, 91 So. 453 [25 A. L. R. 1148]; U. S. Motor Truck Co. v. Southern Securities Co., 131 Miss. 664, 95 So. 639. Nor does it make any difference whether the owner knew that the repairs were being made on the car, if he authorized them either expressly or impliedly; nor would knowledge be essential, where the repairs were reasonably necessary to preserve the property and permit its ordinary operation, and prevent deterioration. Under these circumstances of necessity, authority of the owner to repair would be implied. This was the rule laid down in the Broom Case; but no such necessity was shown in the Hollis Case [124 Miss. 799, 87 So. 273, 20 A. L. R. 244]." This rule settles the case at bar.

See, also, Orr v. Jitney Car Co., 115 Miss. 140, 75 So. 945, wherein the mechanic's lien was sustained without regard to the notice to the parties.

Appellant relies upon the case of Hollis & Ray v. Isbell, 124 Miss. 799, 87 So. 273, 274, 20 A. L. R. 244, for reversal of the case at bar. There are some statements in the opinion in that case which, if read, independently

of the whole case, might well confuse as to the rule to be applied between a materialman and the holder of a prior vendor's lien. But, in our opinion, the court there was very careful to say that the proof did not show that the repairs made brought the case within the rule announced in the Broom Case, and therefore, the court enforced the general rule of priority, saying that: "The general rule of priority is that one acquiring a right with knowledge of a prior right acquires subject to the prior right, and this rule will be enforced unless circumstances are such that an agreement to the contrary may be implied on the part of the holder of the prior right. In many cases the circumstances warrant the court in holding . . . that the prior lienholder has waived his lien or agreed to subordinate it to that of the subsequent lienholder, and that was the foundation upon which the case of Broom & Son v. Dale & Sons, rested."

At all events, whatever was said in the case of Hollis & Ray v. Isbell, supra, was modified in the subsequent case of Moorhead Motor Co. v. H. D. Walker Auto Co., supra.

We are, therefore, of the opinion that there was implied authority, under the circumstances, from the De Van Motor Company to its vendee in possession to have the repairs made which were necessary for the operation of the truck, and which prevented its deterioration; and we think the facts of the case at bar bring it within the principles so clearly stated in Moorhead Motor Co. v. Walker, and Broom & Sons v. Dale & Sons, supra; and that, in the case at bar, Bailey's lien was paramount to that of the vendor, De Van Motor Company.

We are unable to understand upon what theory the court below rendered a judgment for the debt, created by Murray Byrd for the repairs of the truck, against the owner, the De Van Motor Company. A mechanic's lien here is paramount to a lien created by retention of title, but in the case at bar, simply because there was an im-

plied authority for repairs, that did not create the relation of debtor and creditor between the two contending parties. It was proper to render a judgment for the debt against Murray Byrd, the party who contracted it, but it was not proper to render a judgment for the debt against the De Van Motor Company.

There was no proof as to the value of the truck at the time it was seized, or at any other time. The interest therein of the mechanic, on the one hand, and the owner on the other, should have been ascertained. It may be that the truck was worth less than the debt for the repairs, but that debt was not contracted by the De Van Motor Company.

The judgment should have been rendered in accordance with the rule announced in McCoy v. Tolar, 128 Miss. 202, 90 So. 628, and also the peremptory instruction should have been so framed.

The appellee insists that the judgment is correct and authorized by the case of Dudley v. Waltman, 156 Miss. 483, 126 So. 1, wherein the plaintiff sued two defendants for debt, and also sought a mechanic's lien upon a sawmill, in a justice of the peace court. The justice of the peace rendered a judgment in favor of plaintiff for the debt, and declared a lien upon the property. In the circuit court, on appeal, there was a judgment in favor of the plaintiff, but that court did not condemn the property on which the lien existed to be sold to pay the debt. This court there held that, where a person files a suit in a justice of the peace court, and appeals to the circuit court, in the state of the pleadings there, the same plaintiff, in both courts, had option to take judgment on the appeal bond for the debt, and need not pursue his lien. The lien and debt there were asserted against the same party who had contracted the debt which was a lien on personal property.

There is no proof, nor can it be likely contended, that the De Van Motor Company owed the debt to the me-

chanic, and the judgment entered therefor, under the circumstances, is manifestly erroneous, and it cannot be approved. Therein is the distinction between the case at bar and the Dudley Case, supra. In the case at bar, the owner of the truck does not owe the debt, but there is a prior lien on its property, and when and if the personal property is exhausted, the owner's liability extends no further; while in the Dudley Case, the same defendant appellant in the circuit court owed the debt for which there was a prior lien on his personal property. A lien on the property here does not carry with it liability for the debt of another.

Reversed and remanded.