## Taylor *v.* Elliott, et al.

No. 40324          December 17, 1956          91 So. 2d 711

*Philip Mansour*, Greenville, for appellant.

*Williard L. McIlwain,* Greenville, for appellees.

ETHRIDGE, J.

Appellant, C. R. Taylor, filed this suit in the County Court of Washington County against appellees Mrs. Clara Elliott and C. P. Cole to obtain a personal judgment against defendants for repairs performed by Taylor upon an airplane, and to impress a lien on it under Mississippi Code of 1942, Section 353.

Mrs. Elliott, the owner of the airplane in question and of three others, on April 21, 1955, leased them to appellee C. P. Cole and to Chester L. Taylor. The lessees agreed to pay lessor, Mrs. Elliott, as rental for the airplanes, 25 percent of the gross revenue received by lessees for use of the plane in planting rice or other crops, and in

dusting, distributing fertilizer, and other related uses, with the understanding that the lessor was to receive an additional 5 percent of the gross revenue received from jobs procured for lessees by lessor. Mrs. Elliott agreed to pay for major repairs or alterations to the airplane resulting from normal wear, and lessees agreed to pay for minor maintenance repairs.

Taylor and Mrs. Elliott testified, in substance, that she and Cole talked to Taylor, an experienced mechanic in the aircraft maintenance business, and asked him to perform the necessary repairs upon the plane from time to time, to maintain it and keep it in working condition during the dusting season. They advised Taylor about their agreement with reference to who would be personally responsible for the repairs, Mrs. Elliott for major repairs and Cole for minor maintenance repairs. They told Taylor to do any necessary work on the planes, and he would be paid for it by them, as stated above. Pursuant to those instructions, Taylor performed during the crop dusting season numerous repairs on this airplane, and kept a separate account of the major repairs, which he charged personally to Mrs. Elliott, and of the minor maintenance repairs, which he charged personally to Cole. It is undisputed that the repairs which were made during this period were necessary to keep the plane operating efficiently in crop dusting business. Mrs. Elliott admitted that the repairs were for her benefit as well as Cole's. She further admitted that she owed plaintiff $544 for major repairs on the plane, and that plaintiff was entitled to a lien on the plane for that amount. Taylor had possession of the plane.

C. P. Cole failed to file any answer, and a default judgment was entered against him for $574.90, for minor maintenance repairs on the airplane in question. However, the county court denied plaintiff a mechanic's lien on the airplane for the amount of the minor maintenance repairs on the plane performed by plaintiff and charged

to Cole. The circuit court affirmed those two judgments, and that is the issue on this appeal: Whether appellant has a lien on the airplane for the minor maintenance repairs which were charged personally to Cole, not to Mrs. Elliott. Mrs. Elliott, the appellee, contends that there was an agreement between all parties as to who would be responsible for the various items of repair, and that therefore her airplane should not have impressed upon it a lien for the minor repairs charged personally to Cole. Appellant does not contend that Mrs. Elliott is personally liable for the debt representing those repairs. He contends only that his mechanic's lien should encompass not only the amount owed him by Mrs. Elliott, which she concedes, but also the amount owed him by Cole for repairs on this airplane.

A mechanic's lien is created by Code of 1942, Section 353, which provides in part that "any article constructed, manufactured or repaired for any person, and at his instance, shall be liable for the labor and material employed in constructing, manufacturing or repairing the same; . . . " A leading case is J. A. Broom & Son v. S. S. Dale & Son, 109 Miss. 52, 67 So. 659 (1915). Plaintiffs Broom filed suit against Polk to recover a balance for repairs on an automobile, and to establish a mechanic's lien on it. Polk purchased the car from Dale, with the seller reserving title in a conditional sale contract. Polk had not fully paid the seller for the car. The seller was aware that plaintiff was performing the repairs and did not object to them. The question was which lien took priority. The court held for plaintiff, for the mechanic's lien. The car was entrusted by Polk who had its lawful possession to plaintiffs for repair. The owner's consent to repairs can be either express or implied. Where the repairs are necessary for the continued operation of the vehicle, it will be presumed to have been the intention of the parties that it be kept in repair, and therefore the conditional vendor impliedly authorized vendee to have

repairs made. They add to the value of the property to the gain of the vendor. It was the intention of the parties that Polk should continue in the ordinary use of the car, and it was necessary to keep it in a sufficient state of repair. Hence the court concluded that there was an implied authority and permission from the conditional vendor to Polk to have repairs made, and that the plaintiff mechanic had a paramount and superior lien.

DeVan Motor Co. v. Bailey, 177 Miss. 441, 171 So. 342 (1937), involved a claim for a mechanic's lien on a truck, for repairs done by plaintiff Bailey at the instance of Byrd. Bailey knew that the DeVan Motor Company had sold the truck to Byrd under a conditional sale contract with retention of title, and that the purchase price had not been paid. The Motor Company did not know of or give any actual consent for the repairs. The repairs were necessary to preserve the property, to permit its operation, and to prevent its deterioration. Following Broom v. Dale, the Court held that, since repairs were necessary to preserve the truck, the law implied the vendor's consent to permit vendee to cause necessary repairs to be made; that it makes no difference whether the owner knew that the repairs were being made, if he impliedly authorized them, and under circumstances of necessity the court would imply authority by the owner to repair. A distinction was made between imposing the lien on the property, and personal liability of the vendor. The owner of the truck does not owe the debt, since a lien does not carry with it liability for the debt of another, but the lien was in rem on the truck itself.

In Martin v. Broadhead, 202 Miss. 281, 32 So. 2d 433 (1947) the owner of a truck brought a replevin action against Martin, the mechanic who made repairs upon it at the request of McNeill, who had leased the truck from the owner with an agreement that lessee would pay for repairs. The repairs were necessary to preserve it and keep it in operation. Hence it was held that

Martin had a mechanic's lien as security for payment of the repairs. It will be noted that in all three of these cases the court applied the rule that there is a distinction between imposing the lien on the property itself, and a personal liability on behalf of the conditional vendor or lessor.

These principles are pertinent and controlling in this case. Mrs. Elliott had a substantial interest in the maintenance repairs being made upon the airplane. The amount of her rental or return from the plane under the lease to Cole depended upon its use by Cole in the crop dusting business. She admitted that the repairs were for her benefit as well as Cole. Moreover, the basic distinction is between imposition of the lien on the property and personal liability. The effect of her and Cole's conversations with Taylor with reference to the repairs was that she told Taylor that she would be personally liable for the major repairs, and Cole personally liable for the maintenance repairs.

██ ██ The record does not reflect any agreement by which Taylor waived his statutory lien for any repairs upon the plane, or by which he contracted away his right to enforce a mechanic's lien on the plane. He simply agreed with Mrs. Elliott to hold her personally liable for the major repairs, and Cole for the minor repairs. Laying aside those items as to which Mrs. Elliott admits personal liability, we have numerous repairs on the plane performed by Taylor at the express request of Mrs. Elliott and Cole, for which Cole is personally liable. These repairs were necessary to preserve the airplane and to keep it in operation in the crop dusting business. As to those items, Mrs. Elliott had a vital interest, because her income depended upon the use of the plane. Under the authority of Broom v. Dale, DeVan Motor Co. v. Bailey, and Martin v. Broadhead, these necessary repairs serve as the basis for recognition of appellant's statutory mechanic's lien on the airplane. For those

reasons, the judgment of the county court is affirmed in part, insofar as a personal judgment is awarded against C. P. Cole, and is reversed in part and judgment rendered, so as to impose a mechanic's lien in favor of appellant upon the airplane to the extent of the personal judgment against Cole.

Affirmed in part, reversed in part and judgment rendered.

*McGehee, C. J.,* and *Lee, Holmes* and *Gillespie,* JJ., concur.