BROOM, Justice
for the Court:
Mechanic’s lien law and whether a Mississippi court may adjudicate such a lien against personal property not situated within the State are the chief aspects of this case filed in the Circuit Court of Warren County. The trial court ruled adversely to the lien holder: Crawler Parts, Inc., whereupon Crawler Parts has appealed here. We affirm.
Defendants to the mechanic’s lien suit of Crawler Parts and appellees here are Lac-lede Land & Livestock Co., Inc. (Laclede herein) and Vicksburg Sand & Gravel, Inc. (VSG herein). The mechanic’s lien in question is upon a caterpillar crawler tractor, which Laclede sold and delivered to VSG. Subsequent to sale of the tractor to VSG by Laclede, during the period of time from approximately May 4, 1977 to August 2, 1977, Crawler Parts made various repairs at different times to the tractor as requested by VSG. Repairs made by Crawler Parts were necessary and essential to the preservation of the property and to permit its use and operation. By virtue of the repairs made, Crawler Parts acquired and still has a mechanic’s lien (as admitted by Laclede) on the tractor for labor done and materials furnished in the repairs. Following each repair, the tractor was voluntarily returned to VSG. After the repairs were made by Crawler Parts, on or about September 22, 1977, VSG relinquished possession of the tractor to Laclede. Laclede then moved the tractor out of Mississippi and into the State of Louisiana, where it is presently situated in Laclede’s possession.
Crawler Parts demanded from both Lac-lede and VSG payment of the amount owed for the repairs but both of the appellees (Laclede and VSG) refused to pay. Crawler Parts then filed suit against VSG and Lac-lede to enforce its mechanic’s lien and at the same time sought to recover on open account. As to the open account aspect, that has been abandoned by appellant Crawler Parts on appeal here, and Crawler Parts has asked this Court “to address only its claim to enforce the mechanic’s lien.” The answer filed by Laclede below was a motion to dismiss which the trial court treated as a demurrer and sustained. Default judgment was entered against VSG for the amount sued for, but VSG has not appealed or filed any brief herein.
MAY A MISSISSIPPI COURT ADJUDICATE OR JUDICIALLY ESTABLISH A MECHANIC’S LIEN AGAINST A VEHICLE NOT SITUATED WITHIN THE BOUNDARIES OF THE STATE OF MISSISSIPPI? If the tractor in question were situated within Mississippi, there would be no remaining issue here because Laclede (the only appellee filing a brief) admits that Crawler Parts “has a lien for repairs.”
The mechanic’s lien is by virtue of Mississippi Code Annotated § 85 — 7—101 and § 85-7-105 (1972). Under the language of § 85-7-101 the lien is enforceable “as in other cases” and the means of enforcement is provided by Mississippi Code Annotated § 85-7-31 (1972) which provides that the one asserting his lien (Crawler Parts here) must in filing his action give “the names of *800 the persons interested therein, and of those, if any, who have a like claim or other claim or interest in such property.” Under the terms of § 85-7-31, a proceeding to establish the mechanic’s lien (which is the only aspect of the suit remaining, open account having been abandoned) would be a proceeding in rem against the tractor and not in personam against Laclede but nevertheless Laclede would have to be named as a party to the suit. In the mechanic’s lien suit, Crawler Parts could not (and does not here attempt to) obtain a personal judgment against Laclede. De Van Motor Co. v. Bailey, 177 Miss. 441, 171 So. 342 (1936). Laclede merely seeks to judicially establish its lien against the tractor situated in Louisiana.
The correct prevailing rule seems to be the following:
“A decision in rem can be rendered by a state court only with reference to a res situated in the state. . . . ” 20 Am. Jur.2d, Courts, § 119 at 474 (1965).
Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) upheld the rule and stated:
“The basis of the jurisdiction is the presence of the subject property within the territorial jurisdiction of the forum State.”
There has not been cited and we have not found any Mississippi case or other case dealing precisely with facts as they appear in this case dealing with mechanic’s liens. Nevertheless, the general rule seems to be as stated above which is also the rule as enunciated by the United States Supreme Court, supra. Crawler Parts makes the statement that our statute on mechanic’s lien “was meant to aid the mechanic.” Then it points out that if the ruling of the lower court is upheld:
“. . . the mechanic would then be faced with the dilemma that, knowing how easy it is to now transport vehicles and equipment out of the state, . . .”
Nevertheless, the established law is that in order for a Mississippi court to judicially impress a mechanic’s lien on the tractor repaired by Crawler Parts, it is necessary that the tractor be situated within the State of Mississippi. The tractor being situated in Louisiana, we find no reversible error in the ruling of the lower court and therefore affirmance is required.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ„ and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.